No. 24,076.

ADDISON CONNER, *Appellee,* v. MARY AGNES COLE, *Appellant.*

SYLLABUS BY THE COURT.

1. WARRANTY DEED—*Fee Simple Title—Repugnant Restriction in Deed Void.*
A warranty deed purported to convey a present estate in fee simple to the
grantee and in a later clause of the instrument was a restriction that if the
grantee outlived the grantor the property should revert to the heirs of the
grantor. *Held* that the restriction is repugnant to the express grant, and is
void.

2. SAME—*Deed Recorded by Grantor—Presumption of Delivery.* The ex-
ecution, acknowledgment and recording of a deed raises a presumption of
delivery and the recording of the same with the accompanying circumstances
justified the inference of the trial court that the deed had been delivered.

3. SAME—*Deed Retained by Grantor After Recording It—Life Estate in
Grantor.* The fact that after recording the deed it was placed and kept in
the grantor's box in the vault of a bank does not necessarily negative the
theory of a previous delivery as the grantor had reserved a life estate to
himself in the land conveyed.

Appeal from Douglas district court; HUGH MEANS, Judge. Opinion filed
January 6, 1923. Affirmed.

*C. A. Smart,* of Lawrence, and *D. C. Meyer,* of Kansas City, Mo., for the
appellant.

*Edward T. Riling,* and *John J. Riling,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Addison Conner
his title to a tract of land in which he asked that the defen[c]
Agnes Cole, and others named as defendants be barred [c]
up or granting any interest in the land. The plaintiff [1]
defendant appeals.

The only defendant served was Mary Agnes [C]
the only one brought before the court. The ap[r]
the pleadings, findings of fact and of law, and
The land, 160 acres, was owned by Mrs. T[1]
intestate in 1901, leaving as her sole hei[r]                              __.
Conner, and her two children, the p[1]                          _unner, and
the defendant Mary Agnes Cole. W            _ied, Addison Conner
and his wife were living upon the land, while the defendant was
living in another state. After the death of his wife Thomas H.
Conner lived a part of the time with plaintiff on the land in question,

and part of the time with the defendant. On December 17, 1902, Thomas H. Conner executed a waranty deed purporting to convey his undivided half interest and title in the land to the plaintiff, and on April 17, 1903, he took the deed to the register of deeds and caused it to be recorded, but neither the plaintiff nor the defendant knew of the execution and recording of the instrument until 1907. It contained the ordinary recitals of a warranty deed except that there was in it this provision:

"This deed is executed in favor of and to my son, Addison Conner, with express agreement as hereinafter contained, that should Addison Conner die without any children before his wife, Bertha Conner dies, then the undivided one-half of the above-described property reverts to Thomas H. Conner, and in case the said Thomas H. Conner dies before the said Addison Conner dies, then the undivided one-half of the above-described land reverts to the heirs of the said Thomas H. Conner."

On October 7, 1907, Addison Conner and his wife joined in executing and delivering to Thomas H. Conner a warranty deed of the land in which they covenanted that they were the lawful owners of the land granted and were seized of a good and indefeasible estate of inheritance therein free and clear of all incumbrances. On October 14, 1907, Thomas H. Conner in turn executed a warranty deed of the same land to Addison Conner, which reserved to himself the use and occupancy of the land with the rents and profits of the same during his lifetime. These deeds, including the one executed in 1902, were kept by Thomas H. Conner in his box in a vault of a bank except for such time as they were in the office of the register of deeds for recording. He died in April, 1915, and the box containing the deeds were found in his room about a week after his death. On March 21, 1908, Mary Agnes Cole and her husband executed a quitclaim deed to the land to Addison Conner. On the facts found the trial court found as matters of law that the deed executed by Thomas H. Conner on December 17, 1902, vested in Addison Conner an undivided one-half interest in the land, and that Mary Agnes Cole took no interest in the land by virtue of that deed. Another conclusion of the court was that the quitclaim deed of Mary Agnes Cole conveyed to Addison Conner the undivided one-fourth interest which she inherited from her mother, and nothing more. The judgment of the court decreed that the title to the real estate in question was in the plaintiff and quieted it as against the defendant, Mary Agnes Cole, and all persons claiming through or under her.

The defendant contends that the deed of 1902 to plaintiff in effect conveyed to her a one-fourth interest of which she could not be divested without her consent, that the deed made by her father to plaintiff in 1907 did not operate to take that interest from her inasmuch as she had not joined in the conveyance and also because that deed was not in fact delivered to plaintiff, and further that the interest was not transferred to plaintiff by her quitclaim deed of 1908. In the deed of 1902 the defendant was not mentioned as a party, but in the clause questioned was the provision, and the only one pertinent to this consideration, that, if Thomas H. Conner died before his son Addison, the undivided one-half of the land conveyed should revert to his heirs, one of whom was the defendant. As has been stated, Thomas H. Conner died in 1915, while the plaintiff was in life, and the contention is that the happening of the contingency divested the plaintiff of the interest conveyed, with the result that the land reverted to the heirs of the grantor entitling the defendant to the half of her father's one-half. In the first clause of the deed of 1902 the language used purports to convey an estate in fee simple. It is an express grant, sale and conveyance of the land to the plaintiff, his heirs and assigns. In the later clause of the instrument is the limitation or restriction that if the grantee outlives the grantor the property shall revert to the heirs of the latter. This restriction is wholly incompatible with and repugnant to the absolute grant of an estate in fee simple given in the first clause of the instrument, and under well-established rules the restriction is void.

*Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567;

*Brady v. Fuller,* 78 Kan. 448, 96 Pac. 854;

*Kirby v. Broaddus,* 94 Kan. 48, 145 Pac. 875.

A contention of the defendant is that the deed of 1902 was not delivered and therefore not effective. The evidence is not preserved in the record, but the trial court has found that the grantor took the deed in person to the office of the register of deeds and caused the same to be filed for record and the same was duly recorded. After recording, the deed was placed in a box, in a vault of one of the banks, and kept there until a few weeks prior to the death of Thomas H. Conner, and it was found in his room about a week after his death. The court finds that there is no evidence showing the purpose of Conner in recording the deed except the fact that he recorded it and the conduct of the parties as has been stated. The court concluded as a matter of fact that by recording the deed, Thomas H.

Conner intended a legal delivery thereof, and that the deed was legally delivered. In the answer to the original petition, the execution and delivery of the instrument was admitted, but the same allegation is not contained in the answer to the amended petition. It is alleged, however, in that answer that the deed of 1902 was executed and delivered on December 17, 1902, and that by virtue thereof the defendant became the absolute owner of a one-fourth interest in the real estate upon the death of Thomas H. Conner. In this state of the pleadings there can be no contention about the delivery of that instrument.

It being held that the deed of 1902 effected a transfer of the title to plaintiff,.little attention need be given to the deed of 1907, but if 'it has any materiality it is confirmatory of plaintiff's title and of the judgment rendered in his favor if there was a delivery of the instrument. At the time it was executed the plaintiff and his wife had reconveyed the land to Thomas H. Conner, and about a week later Thomas H. Conner in turn conveyed it back to the plaintiff and his wife by a warranty deed, reserving to himself the occupancy, rents and profits of the land during his life. It was free from the illegal restrictions that were contained in the first instrument. Possibly a question may have arisen as to the legality of the first transfer, and the subsequent reconveyance of the property by Thomas H. Conner indicates a purpose that plaintiff should be vested with a title to the land. A question is raised as to the validity of this conveyance on the ground that a delivery of the same was not sufficiently shown. The findings with respect to this deed. are that when the plaintiff and his wife executed a deed reconveying the land to Thomas H. Conner, they left it with Thomas H. Conner and the notary, lying on the table in the home of the notary. Before they left, however, the notary had prepared another deed from Thomas H. Conner to the plaintiff, and this instrument was signed by Thomas H. Conner on October 14 and acknowledged before the notary that prepared the deed. The two deeds prepared at this time were taken by Thomas H. Conner when he left the home of the notary. The deed of 1907 was duly recorded and afterwards placed in the box in the vault in which Thomas H. Conner was in the habit of keeping his papers. A formal or manual delivery of a deed is not essential to a transfer of title. It is largely a matter of intention as manifested by the acts or declarations of the grantor. We have here the

Conner v. Cole.

grantor in possession of the instruments after execution. They were taken to the register of deeds for recording and were duly recorded. The recording of the deed is not conclusive of a delivery, but the execution, acknowledgment and recording raises a presumption of delivery, and this has not been rebutted or overthrown by anything shown in the record. The circumstances of the transaction, including the recording of the deed, justifies the inference drawn by the court that the deeds were delivered. *Tucker v. Allen,* 16 Kan. 312; *Wuester v. Folin,* 60 Kan. 334, 56 Pac. 490; *Kelsa v. Graves,* 64 Kan. 777, 68 Pac. 607; *Pentico v. Hays,* 75 Kan. 76, 88 Pac. 738; *Miller v. Miller,* 91 Kan. 1, 136 Pac. 953; 18 C. J. 419.

The fact that after the recording of the deeds they were placed in the box of the grantor in the bank does not necessarily negative the theory of a delivery. He had reserved a life estate in the land conveyed and had an interest in the safe-keeping of the evidence of that interest, and therefore the retention of the deed in his box is not inconsistent with a previous delivery or an intention to complete the transfer of the land. (*Buck v. Garber,* 261 Ill. 378).

The controversary as to the effect of the quitclaim deed may be laid aside as the court found that instrument did not affect the interest in controversy here and could only be regarded as conveying the one-fourth interest which defendant inherited from her mother. No appeal has been taken from that ruling by the plaintiff.

There is some contention that the judgement rendered was not warranted by the pleadings. The deed of 1902 was set forth and relied on in the original petition but was not mentioned in the amended petition. The findings disclose that all the deeds that have been referred to were submitted to the court, and the one executed in 1902 was relied on by both parties. It was considered and given effect in the judgment and it is too late to question the scope of the pleadings in that respect.

Judgment affirmed.