No. 30,941.

THE LEBANON STATE BANK, by CHARLES W. JOHNSON, Receiver, *Appellee*, v. HERBERT I. FINCH, *Defendant*; SYLVIA T. FINCH, *Appellant*.

(19 P. 2d 709.)

Opinion filed March 11, 1933.

*E. S. Rice, W. S. Rice*, both of Smith Center, and *Rhodes E. Cave*, of St. Louis, Mo., for the appellant.

*Donald Stanley* and *L. E. Weltmer*, both of Mankato, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action brought by the receiver of a failed state bank to recover a stockholder's statutory liability.

Among other allegations the petition filed February 5, 1931, charged that 120 shares of the capital stock of the Lebanon State Bank stood in the name of the estate of I. J. Finch, deceased, and that the same were held, possessed and voted by the defendant

Herbert I. Finch, as owner; that the estate of I. J. Finch was administered in the state of Missouri, and that no property remains in said estate, "all of his property, including the aforesaid stock . . . having passed to and now being held by his heirs at law, and said stock being held by the defendant as heir at law of said I. J. Finch, deceased"; that the defendant is liable to the plaintiff in a sum equal to the par value, or $12,000, and has failed to pay the same; that defendant is the owner of real estate hereinafter referred to, and had on deposit in said bank $6,443.65; that plaintiff claims and has a lien upon said property of said defendant superior and prior and entitled to be preferred to all liens, etc., which may have attached subsequent to June 10, 1930, the date of closing of said bank; and setting up a copy of the notice of lien filed June 13, 1930, in the Smith county register of deeds' office. Judgment for $12,000 and foreclosure of the lien was sought. At the time of filing the petition, an affidavit for service by publication was likewise filed, setting up the nonresidence of the defendant Herbert I. Finch. On April 6, 1931, an amended petition was filed, making Sylvia T. Finch a defendant and alleging that Herbert I. Finch was a director of the failed bank and acquired title to the real estate in dispute in a foreclosure action brought by the bank against one Amis in the district court of the United States for Kansas, and with funds of the bank, and for its convenience, and in equity was and is the trustee of the title to said real estate for the use and benefit of said bank; that in acquiring the title he used some of his own funds and is entitled to some right in the real estate to indemnify himself; that in January of 1930, while said bank was in a failing condition and known by him to be so, he wrongfully attempted to transfer title to his wife, Sylvia T. Finch, in violation of his trust obligation, for the purpose of hindering and delaying his creditors, including said bank and its receiver and creditors, and that the transfer is and was without consideration; that Sylvia T. Finch's interest, the exact nature of which is unknown to plaintiff, is junior and inferior to plaintiff's right; that she should be required to answer, disclosing her claims, or be barred from judgment. The defendant Herbert I. Finch made a special appearance for the purpose of quashing service, his motion was overruled, and he appears no further in said action. On July 15, 1931, Sylvia T. Finch filed her verified answer, admitting the incorporation of the plaintiff, the residence of the parties plaintiff

and defendant, the closing of the bank, and the appointment of the receiver; that I. J. Finch died possessed of shares of stock as alleged, and that she received a deed for the real estate involved in January of 1930, and denying other allegations. Answering further, she alleged matters with reference to the estate of I. J. Finch; that neither of the defendants owned said stock and had no liability, statutory or otherwise, and that they were not proper parties defendant. She alleged further:

"For further answer to the petition of the plaintiff this defendant says that the real estate involved in this action, located in Smith county, Kansas, and described in the amended petition of the plaintiff, was at the time of the institution of this action, has ever since been and still is, the absolute property of this defendant, the same being her sole and separate property; that the same was purchased and paid for wholly with the money of this defendant; that Herbert I. Finch never had the ownership thereof or the control of the same, and that although the same was at one time in the name of Herbert I. Finch by virtue of deed it was the understanding of the parties that the same was purchased with the money of this defendant and belonged to her and by deed of date February 15, 1929, and recorded in the office of the register of deeds of Smith county, Kansas, on January 29, 1930, and appearing of record in book 42 at page 130 in the records of said office, the title of record was by Herbert I. Finch transferred to this defendant, she being at all times the owner of the equitable title thereto.

"For further answer to the petition of the plaintiff this defendant says that the above-described real estate is not subject to the payment of the debts of Herbert I. Finch, he having no interest therein, and while it was in his name as of record it was only for the convenience of the parties, both parties understanding and agreeing that the actual title to said real estate belonged to this defendant."

She prayed that the claim of the plaintiff be held for naught and that she be decreed to be the owner in fee simple of the property involved. To this answer plaintiff filed a reply (1) denying allegations of new matter; (2) alleging that Sylvia T. Finch and her husband are estopped to deny that he was the owner of the shares of stock; and (3) that Herbert I. Finch held title to the lands involved in trust for the plaintiff, which fact was at all times known to the defendant Sylvia T. Finch, who has no right, etc., therein. Defendant Sylvia T. Finch filed a motion to strike out the allegations of number (3) of the reply as setting up a new and separate cause of action, which motion was overruled.

In so far as the real estate involved is concerned, plaintiff started out on the assumption that Herbert I. Finch owned the same, then

filed its amended petition that Finch held title as trustee for the bank, and then, by reply, alleged that he held title to the land as trustee for the bank, which fact was known to Sylvia T. Finch, who had no right, etc., therein; and after defendant rested her case plaintiff obtained permission to amend to conform to proof, and alleged that Herbert I. Finch, under an alleged contract of January, 1929, claimed to be the owner.

During the course of the trial contention was made that the issues were being enlarged and testimony offered was being improperly admitted; that a departure was made between pleadings and proof, and that the court erred in permitting amendments after proof, etc., but, in view of our conclusion, the error, if any, was immaterial. Perhaps due to this contention, the court made forty-seven findings of fact, many of which were not material and some of which pertain to matters of evidence rather than to ultimate facts. The original conclusions of law were later modified and now are as follows:

"1. That defendant, Herbert I. Finch, is the beneficial owner of forty shares of stock in the Lebanon State Bank appearing on the stock book of said bank as owned by the estate of I. J. Finch. . . .

"2. That the deposit in controversy of $6,443.45 in the Lebanon State Bank is the property of Herbert I. Finch and subject in this action to appropriation for the liability of said Finch as a shareholder in said bank, to the extent, of said liability.

"3. (Eliminated by the lower court.)

"4. That the contract between Herbert I. Finch and the Lebanon State Bank with reference to the Amis land and the deed made in the foreclosure proceedings in the United States district court to the Lebanon State Bank for said land are each valid as far as the issues submitted by the parties to this case are concerned.

"5. That the deed purporting to be executed by Herbert I. Finch to Sylvia T. Finch to the Amis land is void by reason of the fact that said deed was never delivered by the grantor to the grantee, and the deed is void as far as conveying legal title to the land mentioned in the said deed by reason of the fact that the grantor at said time had no legal title thereto.

"6. That the plaintiff is entitled to judgment against the $6,443.45 on deposit in the Lebanon State Bank in the name of Herbert I. Finch for $4,000, with interest at six per cent from the 5th day of February, 1931, and the costs of this action."

The court rendered judgment consistent with conclusion No. 6, and further that the defendant Sylvia T. Finch be barred from any interest in the real estate involved.

The defendant Sylvia T. Finch appeals. No notice of appeal was served upon her codefendant, Herbert I. Finch. The plaintiff served

notice of crossappeal upon the appellant, but served no notice or appeal in so far as the defendant Herbert I. Finch is concerned. In this situation Herbert I. Finch is not an adverse party to Sylvia T. Finch. (R. S. 60-3306; *Peoples State Bank v. Hoisington Mercantile Ass'n,* 118 Kan. 61, syl. ¶ 3, 234 Pac. 71.) The bank's cross appeal and notice (R. S. 60-3314) was to the appellant Sylvia T. Finch and not to the defendant Herbert I. Finch; and the bank, not having appealed against Herbert I. Finch, cannot now question the correctness of the judgment with respect to Herbert I. Finch's liability. The matters which can be examined are therefore those existing between the bank and Sylvia T. Finch. The defendant Sylvia T. Finch did not in any manner allege any claim of ownership of the moneys on deposit, and while under appropriate pleadings and proof she might have been declared the owner thereof, the issue was not presented to the lower court and cannot be urged here. However, an examination of the record shows the court's finding of fact No. 8 to the effect that Herbert I. Finch is the owner of 40 shares of stock, and his conclusion of law No. 2, apparently based on findings of fact No. 13 and No. 44, and the judgment against the deposit of Herbert I. Finch for $4,000 and interest, to be satisfied out of said deposit, are supported by the evidence, even though there was evidence from which a different conclusion might have been reached. Findings of fact based on conflicting evidence are conclusive on appeal—a rule too well known to require citation of authorities.

The correctness of the court's ruling with respect to the real estate involved depends on the findings of fact and the conclusions of law to be drawn therefrom. The findings are too voluminous to set out verbatim but are summarized as follows:

In January, 1919, the defendant Herbert I. Finch transferred to his wife, the defendant Sylvia T. Finch, real-estate mortgages which had prior to that time been handled by the Lebanon State Bank for him. This transfer was a gift and without a money consideration, the original gift approximating $58,000. Later in the same year about $4,500 of mortgages was added to the gift. After this transfer, in so far as the Lebanon State Bank is concerned, there was no change, and interest from the mortgages and payments thereon were credited to a checking account of Herbert I. Finch in said bank or remitted direct to him. The income from the transferred property was reported by her in a separate income-tax return pre-

pared by her husband and signed by her. The court specifically found that the transfer was a valid executed gift. Prior to October, 1924, the bank had loaned to William B. Amis in excess of $20,000, which was secured by a second mortgage on the southeast quarter of section 21 and the southwest quarter of section 22, township 4, range 11, excepting a cemetery tract, in Smith county. Amis also had other land, but it is not involved so far as Finch is concerned. On October 11, 1924, the holder of the first mortgage obtained a judgment in the United States district court for Kansas foreclosing its mortgage. Prior to sale by a special master, arrangements had been made with Herbert I. Finch to purchase the rights of the first mortgagee, which he did in November, 1924, for $17,700. At the sale he purchased the lands for a total consideration of $22,304.18, of which amount $17,700 was supplied from the account in the Lebanon State Bank, and the further sum of $1,037.94 was supplied by Finch. The arrangement for Finch so to act was made with the bank to help the bank realize on its loan. The court specifically found that the $17,700 paid by Herbert I. Finch to procure assignment of the first-mortgage claims against the Amis lands was mostly from proceeds of mortgages that Finch had given his wife. On August 15, 1927, a written agreement was made between the Lebanon State Bank and Herbert I. Finch in reference to the above land and foreclosure, which recited the proceedings, the judgments rendered, the issuance of certificates of purchase to Finch, and the rights of the Lebanon State Bank under R. S. 60-3440 and R. S. 9-151, and that the bank was desirous of exercising its rights thereunder, that all of the sums of money due the bank from Amis and merged in judgment were wholly unpaid, and that said bank might have the right to obtain said real estate from Herbert I. Finch by paying him the amount due and paid by him as provided by R. S. 60-3446, and reciting further that the redemption by the bank was for the purpose of protecting its interest, and that the considerations for the assignment of the certificate by Finch had not been paid to him by the bank, in consideration of which the bank obligated itself that promptly on the sale of the Amis land or any part thereof, or in event of redemption by the defendant owners, it would cause to be paid to Herbert I. Finch the sums due him by reason of his purchase of the Amis lands at the foreclosure sale, to wit, $17,700 and $1,037.94 and interest, and that if said lands were not sold by the bank within the limit of five years, that the land should be conveyed by the bank

to Herbert I. Finch, his heirs, devisees or assigns. At the same time the contract was entered into Finch filed his receipt with the clerk of the United States district court stating that the amount due him had been paid by the Lebanon State Bank, and on the same day he made an assignment of his certificates of purchase to the bank. Later, the special master conveyed the land to the bank. The court specifically found that the execution of the above contract, the assignment of the certificate of purchase to the bank, with the collateral papers, were all executed at the same time as a part of the same transaction, the execution of the assignment and receipt depending upon the execution of the contract. Under date of January 25, 1929, Herbert I. Finch procured from the bank a deed to the above described land, which was duly acknowledged by the president of said bank. The deed was not authorized by the directors, except Finch and two others. The deed was prepared and delivered at the request of Finch, who told the president not to await the action of the board as to the execution of the deed. The deed was made a matter of record February 9, 1929. Herbert I. Finch executed a quitclaim deed for the above land to Sylvia T. Finch, his wife, reciting a consideration of one dollar and other valuable considerations. The deed was dated February 15, 1929, acknowledged January 27, 1930, and recorded January 29, 1930. The recording fee was paid by Finch and thereafter he continued to manage the land, collect the rents and pay the taxes. The court further found "there is no evidence that Sylvia T. Finch made the claim that she owned said land until after the filing of this suit, and the court finds that said deed was not delivered to her and accepted by her." As to this quoted finding, more will be said later. The court further found that in handling the Amis land, as between Herbert I. Finch and Sylvia T. Finch, he was her agent, that the business and property of Sylvia T. Finch was at all times accounted for by Herbert Finch in a book kept for that purpose. The court further found that in January of 1919 the Lebanon State Bank was solvent, and that at the time of the execution of the deed from the bank to Finch the bank was insolvent. There are many other findings of fact, a recital of which is not necessary to a decision in this case.

In the briefs a great deal of space is devoted to whether the transaction between the bank and Herbert I. Finch following the foreclosure proceedings was a conditional sale, resulted in an equitable lien in favor of Finch and against the bank and other kindred

matters, and whether the bank had made an election of remedies, but in our view of the matter a discussion thereof, while it might be interesting, is not necessary to a conclusion as to the rights of the parties. In view of the finding that Herbert I. Finch acted as the agent of Sylvia T. Finch in these transactions, unless otherwise indicated, they will be referred to simply as Finch.

Prior to the foreclosure proceedings the bank's interest in the real estate was that of a second mortgagee, and its rights subsequent thereto are fixed by the contract of August 15, 1927. The lower court, in adjudging that Sylvia T. Finch had no interest in the real estate, evidently concluded that if the deed from the bank to Finch was unauthorized, and the deed from Finch to his wife was undelivered, she obtained no title, but such a conclusion about the two deeds, even if it were correct, is not decisive of the matter, for Finch's interest is determined by the contract and the other documents executed as a part of the same transaction. After the foreclosure proceedings were had Finch was the owner of the certificate of purchase and would in time be reimbursed for the amounts expended by him, either by redemption or by acquisition of the real estate. In this situation, and for the expressly stated purpose of permitting the bank to protect itself as a junior lienholder, the contract was entered into whereby he transferred his interest in the certificate of purchase to the bank on its express agreement that "following the sale of said lands or any sufficient part or portion thereof or the redemption by the defendant owners or their successors in interest, it will pay or cause to be paid to party of the second part" (Finch) the amount which he advanced, plus interest, and in the event of no redemption and no sale within five years to convey "all of the right, title and interest it shall acquire under the deed of the special master in chancery and without further encumbrance" to Finch. It is immaterial whether the bank as a junior lienholder could or could not have forced the judgment debtors to pay its claim, for no redemption was attempted. No reason appears from the contract and contemporaneous documents, nor from anything which appears of record, nor from anything said in the briefs, why this contract should not be enforced according to its terms. It is argued, in support of the lower court's judgment, that under the contract Finch had a claim against the bank or its receiver, and that the claim not having been filed within one year from the date of appointment of the receiver, is barred. The difficulty with this

argument is that while under R. S. 1931 Supp. 9-130, it is provided that "all claims of depositors and other creditors must be filed with the receiver within one year after the date of his appointment, and if not so filed, such claims shall be barred from participation in the estate of such bank," the bank's right and interest in this real estate is strictly limited by the contract and contemporaneous documents. It did not own the entire tract free and clear, but it had only such interest as was evidenced by the commissioner's deed, the contract and other contemporaneous documents, and its estate will not be diminished in any particular if Finch's rights under the contract are protected. Neither under this contract can it be said that Finch is a creditor of the bank any more than it can be said that the bank is trustee for Finch. Finch's rights in the real estate are just as firmly established as are those of the bank. In this view of the matter, it is immaterial whether the Finch right now belongs to Herbert I. Finch or Sylvia T. Finch. Regardless of what theory is taken, the record shows without dispute that when the contract was made Herbert I. Finch had rights and interest in the real estate, the amended petition conceding that he has rights therein. The record also shows without dispute that Herbert I. Finch was acting for his wife, Sylvia T. Finch, and that the consideration which purchased such right and interest was mostly hers. Conceding that the bank's deed to Herbert I. Finch was not authorized and therefore is not good, it does not follow that Herbert I. Finch had nothing to convey to his wife. The record shows the converse. And even if he did not have any personal right in the real estate, his deed was made to clear up the title of his wife and to vest in her legal title to that to which she already had an equitable title. A deed is not void because a grantor may attempt to convey more than he owns. 18 C. J. 291 (Deeds § 264). The court's finding that the deed from Herbert I. Finch to Sylvia T. Finch was never delivered is contrary to the undisputed evidence, which shows that Herbert I. Finch was acting as the agent of Sylvia T. Finch; that after the contract was executed, he caused to be prepared the deed to Sylvia T. Finch; that he made no formal or manual delivery to her but that he did cause it to be recorded and put with her papers, because he took care of all her financial affairs and handled them for her. Her pleadings and the record show that she claims title. It was held in *Miller v. Miller*, 91 Kan. 1, syl. ¶ 5, 136 Pac. 953, that the recording of the deed made it effective as to all persons benefited by it who did not

dissent; and in *Conner v. Cole*, 112 Kan. 517, syl. ¶¶ 2, 3, 211 Pac. 615, that execution, acknowledgment and recording of a deed raises a presumption of delivery; and in *Turner v. Close*, 125 Kan. 485, syl. ¶ 2, 264 Pac. 1047, that the execution, acknowledgment and recording of a deed by the grantor raises a strong presumption of delivery. It was not necessary that Herbert I. Finch make a formal delivery of the deed to his wife; what he did was sufficient under the circumstances. The deed complained of was valid and sufficient to vest in Sylvia T. Finch, the equitable owner, such title as may have remained in her husband and agent, Herbert I. Finch, either from his having used her funds or on account of his contract with the bank. And it may well be questioned whether the bank has any standing to raise any question concerning the same in view of the fact that neither delivery nor nondelivery of the deed affects its rights in any particular.

There is also considerable argument predicated upon the proposition that when Herbert I. Finch conveyed to Sylvia T. Finch, the bank of which he was a director was insolvent, and that he knew it. Assuming this to be true, it made no difference. Estoppel is not pleaded nor proved, if it had any place in this action. The bank was not prejudiced in any manner, because of the fact it did not know that in so far as the Amis land matters are concerned, Herbert I. Finch was acting for his wife, Sylvia T. Finch, and that it was her money that was being used. Its rights under the contract were the same, whether Herbert I. Finch or his wife were to receive cash in event of redemption or sale, or the land if no sale were had within the five-year period. There is no showing that the bank had any claim of any kind or character against Herbert I. Finch other than the claim for statutory liability above discussed and on which it is fully protected. Under the undisputed evidence, Finch furnished the moneys with which the real estate involved was acquired, he made the deed to the bank for the primary benefit of the bank, under conditions agreeable to it, and the bank cannot now say it is owner of the real estate freed from the conditions and obligations under which it acquired the title. No reason is disclosed why performance should not be had of the contract between the bank and Finch according to its terms, and if the real estate has been sold within the time fixed, five years from August 15, 1927, why the receiver of said bank should not pay to Sylvia T. Finch the amounts

stipulated to be paid upon sale, and if said real estate was not so sold why the same should not now be conveyed to her.

Various errors assigned have been examined, but on account of our conclusions, discussion thereof would serve no purpose. It might be remarked that motions to make certain findings of fact and of law and to strike or modify others should have been sustained.

The judgment of the lower court with respect to the extent of liability of the defendant Herbert I. Finch, and that the deposit of $6,443.45 is the property of Herbert I. Finch and subject to appropriation for said liability, is affirmed.

The judgment of the lower court with respect of Sylvia T. Finch, barring her from any interest in and to the Amis land above described, is reversed, and the cause is remanded with instructions to determine whether the Lebanon State Bank has sold said real estate and, if so, to order and direct the receiver of said bank to pay to Sylvia T. Finch the sum of $17,700 with interest at six per cent per annum from November 15, 1924, and the further sum of $1,037.94 with interest at six per cent from August 24, 1926; and if said real estate has not been sold, to convey to said Sylvia T. Finch the above-mentioned real estate, as provided in the contract here under consideration.