No. 34,152

ORVILLE WHITE, *Appellant*, v. CENTRAL MUTUAL INSURANCE COMPANY et al., *Appellees;* HUGH C. LARIMER, Garnishee; HENRY G. MILLER, Receiver, Intervenor.

No. 34,153

J. W. HEALZER, *Appellant*, v. CENTRAL MUTUAL INSURANCE COMPANY, OF CHICAGO, ILL., et al., *Appellees;* HUGH C. LARIMER, Garnishee; HENRY G. MILLER, Receiver, Intervenor.

(88 P. 2d 1041)

Opinion filed April 8, 1939.

· *Walter F. Jones, Claude E. Chalfant, J. Richards Hunter,* all of Hutchinson, and *Donald H. Hansen,* of Caney, for the appellants.

*T. M. Lillard, O. B. Eidson* and *Philip H. Lewis,* all of Topeka, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: The appeals in these cases, consolidated in the trial court and here, are from the ruling of the trial court in setting aside

as void an order and judgment of the court previously made approving a garnishment proceedings and ordering the garnishee to pay into court certain moneys in his hands.

So far as is important here the facts may be summarized as follows: On February 17, 1937, J. W. Healzer brought an action in the district court of Reno county against the Central Mutual Insurance Company of Chicago, Ill., to recover $2,899.85, and obtained service of summons upon the insurance company, and later recovered judgment for the amount claimed. On February 23, 1937, Orville White brought an action in the same court and against the same defendant to recover the sum of $1,618.75. He obtained service upon the defendant and later recovered judgment for the amount claimed.

On February 23, 1937, there was filed in each of the cases a garnishment affidavit which, among other things, averred that Hugh C. Larimer, of Leavenworth, Kan., was indebted to or had property of the defendant insurance company. On the same day the garnishment summons was issued to the sheriff of Leavenworth county. On February 26 he filed his return, reading as follows:

"Received this writ this 20th day of February, 1937, at 2 o'clock p. m., February 20, 1937. Served the same by delivering copy thereof, with the endorsements thereon duly certified, to the within named Hugh Larimer."

Garnishment summons also was served on the insurance company February 26, 1937. On April 9, 1937, Hugh C. Larimer, as garnishee, filed his answer, in which he stated, among other things, that he had in his hands $4,483.10 on which he claimed an attorney's lien for fees and expenses in an amount not stated. The return also disclosed that Henry G. Miller, as receiver of the Central Mutual Insurance Company, had made a demand upon him for the moneys in his hands pursuant to certain statutes of the state of Illinois.

On April 9, 1937, Henry G. Miller, as receiver of the Central Mutual Insurance Company, filed his intervening petition, setting forth his appointment as receiver under the laws of the state of Illinois, and praying that the moneys in the hands of Hugh C. Larimer, garnishee, be adjudged the property of the receiver and that the garnishment proceedings be held to be of no force and effect. Attached to the intervening petition were photostatic copies of the petition for appointment, and the order appointing the receiver and approving his bond. After a hearing on the intervening petition, and on February 11, 1938, judgment was entered denying the claim of the intervenor. At this hearing no evidence was intro-

duced or argument made relating to the answer of the garnishee, Hugh C. Larimer. On April 4, 1938, the court made an order directing the garnishee, Hugh C. Larimer, to pay to the clerk of the district court the money in his hands, $4,483.10, and on the same date the motion of the intervenor for a new trial was overruled.

On May 10, 1938, the sheriff of Leavenworth county filed an application to be permitted to amend the return upon the garnishment summons so as to speak the truth, and upon May 14, 1938, after hearing the evidence, the court made an order permitting the sheriff to make an amended return, which he did, as follows:

"Received this writ on this 20th day of February, A. D., 1937, at 2 o'clock p. m. Hugh Larimer had been in the office prior to receipt of said writ, but left with instructions that he would accept service of this writ personally. Said Hugh Larimer then requested that the return be made that he was served personally. Said Hugh Larimer stated he knew said writ was to arrive to be served upon him, but on account of another engagement he was unable to wait, and would accept service. Said Hugh Larimer was not in my office, nor did I see him after receiving said writ and before I made return to the clerk of the district court of Reno county, Kansas, and I did not deliver a certified copy of the writ to Hugh Larimer personally."

In the meantime Jackie Leland Petree, by his next friend and father, Roy Petree, had obtained a judgment against the Central Mutual Insurance Company of Chicago, in the district court of Shawnee county, in the sum of $5,000, and December 17, 1937, and again April 1, 1938, had garnishment summons served on Hugh C. Larimer.

On May 20, 1938, the Central Mutual Insurance Company filed its motion to vacate the order of the court of April 4, 1938, insofar as it purports to assume jurisdiction of the funds in the hands of Hugh C. Larimer, garnishee, and requiring him to pay the moneys in his hands to the clerk of the district court of Reno county, on the grounds that such order and judgment were void. On June 8, 1938, Henry G. Miller, as receiver of the Central Mutual Insurance Company, filed a similar motion. In April, 1938, Jackie Leland Petree, by his next friend and father, plaintiff in the action against the Central Mutual Insurance Company in Shawnee county, filed an application to intervene in the consolidated action in Reno county, and set up the fact that he had obtained a judgment against the Central Mutual Insurance Company, and that he had had garnishment summons issued and served upon Hugh C. Larimer; that the funds in the hands of Larimer were the same as those referred to in his answer as garnishee in the Reno county actions and

in the order of the court of April 4, 1938, and moved the court to set aside as void the order of the court of April 4, 1938. After a hearing upon these three motions, and on July 9, 1938, the motions were sustained. The journal entry reads as follows:

"On this 2d day of July, 1938, the court having heretofore taken under consideration the separate motions of the Central Mutual Insurance Company, a corporation, Henry G. Miller, as receiver of the Central Mutual Insurance Company, and Jackie Petree, by his next friend and father, Roy Petree, to vacate judgment entered on April 4, 1938, ordering Hugh C. Larimer, as garnishee, to pay funds into the hands of the clerk of the district court of Reno county, Kansas, and having now filed a memorandum opinion finding that said judgment, so entered, is void and should be set aside upon the grounds and for the reasons set forth in said memorandum opinion.

"It is, therefore, now ordered, adjudged and decreed, that motions to set aside said judgment entered herein on April 4, 1938, ordering Hugh C. Larimer, as garnishee, to pay funds into the hands of the clerk of the district court of Reno county, Kansas, be, and the same are sustained, and said judgment of April 4, 1938, is hereby vacated and set aside as a void judgment entered without jurisdiction of the subject matter."

On August 18, 1938, the plaintiffs White and Healzer served and filed their notice of appeal, as follows:

"NOTICE OF APPEAL

"To the Central Mutual Insurance Company, a corporation, plaintiff, and Lillard, Eidson & Lewis, its attorneys of record; Henry G. Miller, receiver, intervenor, and Lillard, Eidson & Lewis and Lloyd C. Whitman, his attorneys of record; and Hugh C. Larimer, garnishee:

"You and each of you will hereby take notice that the undersigned J. W. Healzer, plaintiff herein, in the above-entitled case does and has appealed to the supreme court of the state of Kansas from the decision, order and judgment of this court rendered on the 2d day of July, 1938, wherein this court set aside the judgment entered herein on April 4, 1938, and vacating and setting aside said judgment as void and entered into without jurisdiction; and said plaintiff also appeals from all rulings, decisions, judgments, and final orders made by said district court of Reno county, Kansas, of the ninth judicial district in said action in favor of the defendant and the intervenor, Henry G. Miller, and adverse to this plaintiff."

We are first confronted with a contention on behalf of appellee that appellants were not entitled to be heard in this court for the reason that no notice of appeal was served upon Jackie Leland Petree or his attorneys of record. The pertinent part of our statute on this point (G. S. 1935, 60-3306) reads:

"A copy of such notice (of appeal) must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record."

Construing this statute in *Peoples State Bank v. Hoisington Mercantile Ass'n*, 118 Kan. 61, 234 Pac. 71, it was held:

"An adverse party is a party to the litigation to whose interest it is that the judgment of the trial court be upheld and who is interested in opposing the relief sought by the appellant." (Syl. ¶ 3.)

This definition has been approved and followed in *Lebanon State Bank v. Finch*, 137 Kan. 114, 118, 19 P. 2d 709, and *Habegger v. Skalla*, 140 Kan. 166, 167, 34 P. 2d 113.

It will be observed there were three separate motions to set aside as void the order of the court of April 4, 1938, directing the garnishee to pay the money into court. One motion was by the Central Mutual Insurance Company, another was by Henry G. Miller, receiver, and the third by Jackie Leland Petree by his next friend and father, Roy Petree. The court heard and sustained all of these motions, as shown by the journal entry of the court of July 9, 1938. It will be observed, also, that no notice of appeal was served upon Jackie Leland Petree, or his next friend, or his attorney. It cannot be said that he was not an adverse party in the proceedings before the court. We are told in the briefs and oral arguments, and it is not controverted, that in the action of Jackie Leland Petree against the Central Mutual Insurance Company in Shawnee county, in which garnishment summons was served on Hugh C. Larimer, the garnishee was ordered to pay the money to the clerk of that court, and that this order eventually was complied with. So, the moneys formerly held by the garnishee are now held by the clerk of the district court of Shawnee county. Petree is claiming those moneys to apply upon his judgment against the insurance company. He had been permitted to intervene in the Reno county actions; his motion to set aside as void the order of the court of April 4, 1938, was sustained; he will be affected by a reversal of that order, and he has not been brought to this court by appeal. We think it clear, under the statute, that the appeal cannot be sustained.

Notwithstanding the fact that we are convinced the appeal must be dismissed, we have considered the argument of counsel upon the merits and have reached the conclusion that the judgment of the trial court would have to be affirmed. We deem it inappropriate to state the reasons for that conclusion.

The appeal will be dismissed. It is so ordered.