No. 36,809

The Board of County Commissioners of the County of Cowley, *plaintiff*, v. Martha Herbert, Arthur Brown et al., Defendants; W. L. Jackson (Movant), *Appellant*, Jasper N. Powell (Respondent); *Appellee.*

(185 P. 2d 153)

Albert Faulconer, judge. Opinion filed October 4, 1947.

*Frank G. Theis,* of Arkansas City, argued the cause and was on the briefs for the appellant.

*Earle N. Wright,* of Arkansas City, argued the cause, and *George Templar,* of Arkansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Burch, J.: The appeal in this case is from a ruling of the district court sustaining a demurrer to a motion filed by the appellant to vacate and set aside a judgment, order of sale, confirmation thereof, and a sheriff's deed in a tax foreclosure proceeding. The appellant contends that under the provisions of G. S. 1945 Supp., 79-2804b, equitable proceedings may be brought to open, vacate, modify and set aside any judgment rendered for taxes and that his motion set forth equitable grounds which would justify setting aside the judgment. We do not reach a decision upon the question. This court is without jurisdiction because a necessary party to the appeal was not served with any notice of appeal.

The action was brought in the district court by the board of county commissioners of Cowley county, against Martha Herbert and many others to foreclose tax liens upon various properties, including a certain lot which the appellant asserts he had purchased under a contract from Arthur Brown, one of the defendants. The appellant had not received a deed for the lot at the time the action was brought. While the record is rather uncertain, it appears that the tax foreclosure action had proceeded to the point where judgment had been

entered in behalf of the county, order of sale had been issued, the sale had been confirmed, and a sheriff's deed had been issued to Jasper N. Powell covering the involved lot. Thus, it will be seen that the county had recovered on its judgment for taxes in the action and that if the judgment and all subsequent proceedings were to be set aside, the rights of the county would be involved. The judgment of the district court in favor of the board of county commissioners will stand in view of the ruling of the district court unless this court, upon appeal, would conclude that the ruling was erroneous. Therefore, it clearly appears that the county, acting through the board of commissioners, is an interested and necessary party and that its rights may be affected by the appeal. The record is not clear as to whether the board of county commissioners was served with a copy of appellant's motion and notified by summons or in any other manner to appear. The abstract indicates that notice of the motion was served upon only the purchaser of the property, Jasper N. Powell. However, the record is unquestionably clear that the notice of appeal to this court was served only upon Jasper N. Powell and was not served upon any representative of the county.

Our applicable statute (G. S. 1935, 60-3306) provides that "A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; . . ." The opinion in *Peoples State Bank v. Hoisington Mercantile Ass'n*, 118 Kan. 61, 234 Pac. 71, reads as follows:

"Of course the new code does require that 'all adverse parties whose rights are sought to be affected by the appeal' must be served with notice of the appeal. (R. S. 60-3306.) An 'adverse party' under this code provision has been variously defined to be any party to the litigation, plaintiff, defendant or intervener, to whose interest it is that the judgment of the trial court be upheld; any party to the litigation who is interested in opposing the relief which the appellant seeks by his appeal. [citing authorities.]" (p. 67.)

Obviously, it is to the interest of the county that the judgment of the trial court be upheld even though the appellant offered, in connection with his motion, to pay to the clerk of the district court of Cowley county the amount of the purchase price of the property paid by Jasper N. Powell at the tax sale. Such an observation follows from realization that the overruling of the demurrer undoubtedly would involve the county in further litigation not only with the appellant but with the purchaser of the property. The law re-

quiring dismissal of the appeal in the circumstances is well settled. (See *White v. Central Mutual Ins. Co.*, 149 Kan. 610, 88 P. 2d 1041; *Protzman v. Palmer*, 155 Kan. 240, 124 P. 2d 455, and cases cited therein.)

It may be volunteered that a review of the record as it is presented convinces us that the ruling of the trial court would be affirmed if the appeal were considered upon its merits.

The appeal is dismissed.

HOCH, J., not participating.