No. 40,569

Hazel Bennett, *Appellee,* v. Paul P. Conrady, *Defendant,* and Mary Anne Conrady, Garnishee, *Appellant.*

No. 40,574

Muriel Childs, *Appellee,* v. Paul P. Conrady, *Defendant,* and Mary Anne Conrady, Garnishee, *Appellant.*

No. 40,575

Edith Reida, *Appellee,* v. Paul P. Conrady, *Defendant,* and Mary Anne Conrady, Garnishee, *Appellant.*

(317 P. 2d 410)

Opinion filed November 9, 1957.

*Ronald D. Albright,* of Anthony, argued the cause, and *Donald Muir* and *W. G. Muir,* both of Anthony, were with him on the brief for the appellant.

*Paul R. Wunsch* and *Charles H. Stewart,* both of Kingman, and *Dalton Holland,* of Harper, were on the brief for the appellees.

The opinion of the court was delivered by

Robb, J.: These appeals, which were previously consolidated by this court for presentation here, were from the judgments and orders of the court below and from the orders overruling the respective motions for new trial in the three actions. The parties stipulated at the outset that determination in case No. 40,569, *Bennett v. Con-*

*rady,* would be controlling in the other two appeals, and we shall limit our discussion thereto.

This is the second appearance of these cases in this court (*Bennett v. Conrady,* 180 Kan. 485, 305 P. 2d 823) but the opinion in the former appeals has no relation to the questions now presented.

We shall refer to Hazel Bennett as appellee, to Paul P. Conrady, as principal defendant, and to Mary Anne Conrady, garnishee defendant but appellant here, as garnishee.

Appellee commenced a garnishment proceeding, after judgment, by filing a garnishment affidavit upon which garnishment summons was issued to and served on Rose Conrady, the appellant-garnishee, and Lawrence Bennett, respectively. The judgment in case No. 40,569 was for the sum of $6,953.24. While execution on this judgment was outstanding, the garnishment proceeding was commenced. (G. S. 1949, 60-3491.) Garnishee filed her answering affidavit wherein she substantially stated that she was not indebted to the principal defendant and that she had no real or personal property, except such as was exempt, belonging to such defendant or in which he had any interest so that she was in no manner liable as garnishee. The appellee filed her notice of election to take issue on the garnishee's answer.

A hearing was had (G. S. 1949, 60-3493) wherein evidence was introduced by appellee and at the close of which both parties rested. The trial court entered judgment in favor of appellee against the garnishee for the sum of $1,439.93. This amount was shown to be in the garnishee's possession in the form of three checks. The trial court determined the checks were actually the property of the principal defendant who had testified during the hearing regarding transactions which resulted in the checks being delivered to garnishee. A motion for new trial filed by garnishee was overruled by the trial court and the garnishee filed a notice of appeal to this court directed only to appellee and her attorney of record. Service of this notice of appeal was acepted and proof of service was waived by the attorney for himself and his client, appellee.

For the reason that the notice of appeal was not served on Paul P. Conrady, the principal defendant in the case, appellee has filed a motion to dismiss the appeal, and we must dispose of this motion before considering the questions raised on appeal by the garnishee.

Our statute (G. S. 1949, 60-3306) governing notice of appeal sets out the following requirement:

"... A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record. ..."

The principal defendant's rights are sought to be affected by this appeal because notwithstanding the fact that he and garnishee are husband and wife, the trial court determined that the checks totaling $1,439.93 were his property and he, therefore, was an adverse party to garnishee. He had the right to have that amount credited on the judgments against him. He was entitled to claim any exemptions he had and if any balance remained to him, he was also entitled thereto. If the trial court were to be reversed by this court on appeal, all of the principal defendant's rights in and to the checks would be abrogated because the checks would then belong to and be the property of garnishee free and clear of any claim thereto by such defendant.

The principal defendant also appeared at the trial and testified as a witness. He was called by the appellee and testified, along with other witnesses, as to the transactions leading up to issuance of the checks and the trial court determined that the proceeds from the checks were the property of and belonged to this defendant. Thus he is interested in having the trial court's opinion upheld and his interests are opposite to the relief sought by garnishee in this appeal.

In *Protzman v. Palmer*, 155 Kan. 240, 243, 124 P. 2d 455, we find a case almost identical with ours. The only difference is an administrator with will annexed of a deceased person's estate was plaintiff, the defendant was a woman, and a corporation was garnishee. There, as here, the garnishee-appellant failed to serve notice on the principal defendant. There, as here, the rights of the principal defendant could not be affected or determined by this court without the necessary notice of appeal and service on that defendant, as required by statute.

In view of the failure to file the proper notice of appeal and to serve the same on the principal defendant, this court does not have jurisdiction to consider the appeal. For more recent discussions on the subject, see *In re Estate of Weaver*, 170 Kan. 321, 224 P. 2d 1004; *In re Estate of Johnson*, 177 Kan. 368, 279 P. 2d 271.

The appeal must be dismissed. It is so ordered.