No. 41,423

In re Estate of W. W. Hill (WILLIAM ELMER HILL, *Appellant*, v. SCOTT A. MOUSE, Administrator, c. t. a., d. b. n: PEARL G. GARRIOTT, Administrator, Estate of Myrtle Bessie Hill; LEON A. LAMOUREUX; LACY C. HAYNES, Guardian *ad litem*, *Appellees*.

(345 P. 2d 1011)

Opinion filed November 7, 1959.

*Everett E. Steerman,* of Emporia, argued the cause and was on the briefs for the appellant, and *Elvin D. Perkins,* of Emporia, argued the motion to dismiss and the cause, and was on the briefs for the appellant.

*James W. Putnam,* of Emporia, argued the cause, and *Richard Mankin,* of Emporia, was with him on the briefs for appellee Scott A. Mouse, Administrator, c. t. a., d. b. n.

*Roscoe W. Graves,* of Emporia, was on the briefs for appellee Pearl G. Garriott, Administrator of the estate of Myrtle Bessie Hill.

*Owen S. Samuel,* of Emporia, argued the motion to dismiss and was on the briefs for appellees Leon A. Lamoureux and Ethel Lamoureux.

*Lacy C. Haynes,* of Emporia, appeared as guardian *ad litem* for the minor children of appellant William Elmer Hill.

The opinion of the court was delivered by

ROBB, J.: Appellant filed a claim on a promissory note in the probate court of Lyon county against the estate of his father, W. W. Hill, who died testate on October 15, 1952. Decedent's only surviving heirs were appellant and Myrtle Bessie Hill, his second wife who was appellant's stepmother. On March 2, 1957, Myrtle Bessie Hill died intestate and Pearl G. Garriott was duly appointed administratrix of her estate.

On July 8, 1957, appellant's claim was allowed by the probate court as a fourth class claim in the sum of $2,400 with eight per

cent interest compounded from July 7, 1923, less a payment, making a balance due of $23,786.31, from which order Scott A. Mouse (appellee here) administrator, c. t. a., d. b. n., of the estate of W. W. Hill, appealed to the district court.

On August 20, 1958, the district court entered judgment whereby appellant's claim was disallowed and appellant appeals to this court from that order.

Myrtle Bessie's only heir was Ethel V. Lamoureux who was also named in decedent's will to take personal property if Myrtle Bessie predeceased the decedent. The journal entry of judgment was signed by Roscoe W. Graves and Owen S. Samuel, "Attorneys for Heirs of Myrtle B. Hill."

The notice of appeal to this court was directed to no one. It was signed by the attorneys for appellant and at the bottom thereof appeared the following:

"Service of a copy of the within Notice of Appeal acknowledged this 17th day of November, 1958.

"Putnam and Mankin
"By James W. Putnam

"Attorneys for Scott A. Mouse,
"Administrator C. T. A., D. B. N.,
"Estate of W. W. Hill, Dec'd.

"Roscoe W. Graves

"Roscoe W. Graves, Attorney for
"Estate of Myrtle B. Hill, Deceased.

"Lacy C. Haynes

"Lacy C. Haynes, Guardian ad Litem"

The record reflects no other acknowledgment or waiver of service and there is no affidavit showing that anyone else was served therewith.

A motion to dismiss the appeal was filed by Owen S. Samuel, as the only attorney of record for Leon A. Lamoureux and his wife, Ethel V. Lamoureux, for the reason that Leon and Ethel came within the provisions of G. S. 1949, 60-3306 and appellant had failed to comply therewith in serving the notice of appeal.

The record of the proceedings in the court below shows that at the outset of the hearing counsel for appellant, after stating other appearances and that there were three appeals pending in the W. W. Hill estate, stated:

"Owen S. Samuel appears for Leon A. Lamoureux and his wife. Mr. Roscoe Graves appears for the Myrtle Hill Estate. For the purpose of this trial we are asking that these three cases be consolidated for hearing."

The record indicates that Mr. Samuel did take an active part in the trial and his position was adverse to that of appellant.

In addition to what has already been said on the motion to dismiss, the record further shows that in one of the appeals consolidated for trial by the district court, Leon A. Lamoureux had had a fourth class claim for $1,134.07 allowed by the trial court whereby the Lamoureuxes contend they are for that additional reason entitled to service of notice of appeal as adverse parties under the statute.

G. S. 1949, 60-3306, in part, provides as follows:

"Appeals to the Supreme court shall be taken by notice filed with the clerk of the trial court. . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal and who appeared and took part in the trial, or their attorneys of record. . . ."

Two cases which were dismissed because of failure to serve notice of appeal on an executor in his representative capacity contain good discussions of the above statute. (*In re Estate of Weaver*, 170 Kan. 321, 224 P. 2d 1004; *In re Estate of Johnson*, 177 Kan. 368, 279 P. 2d 271.) Another dismissal because of failure to serve notice of appeal on a devisee and beneficiary was ordered in the case of *In re Estate of Bergner*, 173 Kan. 582, 250 P. 2d 781.

During the fifty years this statute has been in effect this court, as shown by our many decisions thereunder, has been called upon to apply it in a great number of cases, a few of which were cited in *Polzin v. National Cooperative Refinery Ass'n*, 179 Kan. 670, 298 P. 2d 333, opinion on rehearing, 180 Kan. 178, 302 P. 2d 1003. Our latest case concerned with failure of proof of service in *Nicolay v. Parker*, 185 Kan. 481, 345 P. 2d 1013, this day decided.

Appellant cites *Shell Oil Co. v. Board of County Comm'rs*, 171 Kan. 159, 231 P. 2d 220, but at page 163 of that opinion this court distinguished that case from the cases cited above and reapproved the rule established in them.

If appellant could obtain a reversal of the trial court's judgment, Ethel's interest, as heir of Myrtle Bessie Hill, would be affected because in that event Myrtle Bessie would get nothing from W. W. Hill's estate. Ethel's interest (sharing with appellant in the personal property of W. W. Hill under his will) would be lost because

the estate would be totally exhausted by payment of appellant's large claim, which was disallowed by the trial court.

Ethel satisfied every requirement of the statute as an adverse party and the notice of appeal as to her was no notice because it was not served on her, or her attorney, nor did they waive such service. We think it unnecessary to go into the more complicated position of Leon even though his contention that he likewise was an adverse party with no service of notice of appeal might have merit. We can see no other alternative than to dismiss the appeal. So ordered.