No. 35,427

G. I. PROTZMAN, Administrator with Will Annexed of the Estate of Charles Griffith, Deceased, *Appellee*, v. MARY PALMER, *Defendant;* UNIVERSAL CREDIT COMPANY, Garnishee, *Appellant.*

(124 P. 2d 455)

Opinion filed April 11, 1942.

*R. E. Coughlin*, of Paola, and *Harry B. Jenkins*, of Kansas City, Mo., argued the cause, and *Edward H. Coughlin*, of Paola, was on the briefs for the appellant.

*Bernard L. Sheridan*, of Paola, and *Douglas Hudson*, of Fort Scott, argued the cause, and *L. Perry Bishop*, of Paola, and *Howard Hudson*, of Fort Scott, were on the briefs for appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by a garnishee defendant from a judgment rendered against it and in favor of the principal defendant and the plaintiff in the garnishment action.

Before we can reach the merits of the appeal we are confronted with two motions of the plaintiff, appellee, to dismiss the appeal. The first motion is based upon the failure of appellant to abstract the record in conformity with the rules of this court. It is urged important testimony which supports the judgment is not abstracted. There is much to be said in support of the contention. We frequently have warned concerning the failure to abstract the record in conformity with the plain rules of this court. (*Biby v. City of Wichita,* 151 Kan. 981, 101 P. 2d 919.) The abstract in the instant case at least would compel us to materially restrict the extent of our review.

The second motion to dismiss challenges appellant's right to be heard on appeal with respect to any issue. We shall, therefore, first direct our attention to it. That motion pertains to the failure of appellant to serve notice of appeal on the principal defendant who appeared in the garnishment action, whose interests are adverse to those of the appellant and which interests appellant seeks to affect on appeal.

The facts pertinent to the second motion may be briefly stated as follows: The principal action was instituted by G. I. Protzman, administrator with will annexed of the estate of Charles Griffith, deceased, against Mary Palmer, to recover a personal judgment for moneys she owed to the estate of the decedent. Judgment was rendered against her in the sum of $5,000. Execution was issued thereon and returned unsatisfied. Garnishment proceedings thereafter were instituted in the same action against the appellant, Universal Credit Company, a corporation, of the state of Missouri. No question is raised with respect to any irregularity in the garnishment proceedings. Appellant's answer denied it was indebted to Mary Palmer, the principal defendant, or that it had any property in its possession or under its control belonging to her or in which she had any interest. The plaintiff, appellee, pursuant to statute, elected to take issue with appellant on its answer. Mary Palmer, the principal defendant, appeared in the garnishment action in person. She was one of the principal witnesses with respect to the issue whether appellant was indebted to her as an individual or whether appellant was indebted to the Palmer Motor Company, a copartnership, or whether it was indebted to either of them. Appellant contended it owed Mary Palmer nothing as an individual and that if it owed anyone in this litigation, which it denied, it owed only the Palmer Motor Company, a copartnership, consisting of Mary Palmer, and

her brother, B. D. Palmer, and that since plaintiff had obtained no judgment against the partnership, the action in garnishment must fail. Appellant also made other contentions which, however, need not be noted in connection with the motion to dismiss the appeal.

Upon the issue as to whom appellant owed, the trial court found in favor of the contentions of Mary Palmer and the appellee, namely, that appellant was indebted to Mary Palmer, an individual, in the sum of $4,880. Judgment was rendered directing appellant to pay that amount into the hands of the clerk of the district court and also directing the clerk to disburse the balance thereof, after deducting the costs of the garnishment action, to appellee. From that judgment the garnishee defendant has appealed without serving notice of appeal on the principal defendant, Mary Palmer. Was such notice necessary in order to entitle appellant to a review of the judgment?

As heretofore stated, Mary Palmer appeared in the garnishment action. Her interests were then and are now adverse to those of the appellant. It was expressly found and adjudged that appellant owed Mary Palmer, an individual, $4,880. In order for appellant to prevail·in this court it is necessary that it succeed in setting aside that finding and in reversing that portion of the judgment. That is precisely what appellant seeks to do in the instant appeal. If appellant succeeds, it will owe Mary Palmer, an individual, nothing. Moreover, if appellant succeeds, the judgment of appellee against Mary Palmer will not be discharged. Manifestly, her rights would be materially affected by a reversal of the judgment. Can her judgment rights be thus modified or extinguished by this court without notice to her that appellant will seek to affect those rights by an appeal? We do not think so.

The pertinent portion of G. S. 1935, 60-3306, reads:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court, and if the appeal is taken from only a part of the judgment, or from a particular order or decision, then by stating from what part of the judgment, or from what particular order or decision the appeal is taken. A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; . . ."

Appellant appealed from the entire judgment. It therefore appealed not only from that part of the judgment against it which was

in favor of the plaintiff, appellee, but it appealed also from that part of the judgment which was rendered in favor of the principal defendant, Mary Palmer, whereby it was determined that appellant was indebted to her in the sum of $4,880. Manifestly, appellant was first obliged to reverse the judgment rendered against it and in favor of Mary Palmer, before it could reverse the judgment against it and in favor of the appellee.

Mary Palmer, under the circumstances narrated, was an adverse party, within the meaning of the appeal statute (*Peoples State Bank v. Hoisington Mercantile Ass'n*, 118 Kan. 61, 234 Pac. 71; *Lebanon State Bank v. Finch*, 137 Kan. 114, 118, 19 P. 2d 709; *Habegger v. Skalla*, 140 Kan. 166, 167, 34 P. 2d 113; *White v. Central Mutual Ins. Co.*, 149 Kan. 610, 614, 88 P. 2d 1041), and her rights could not be affected on review without the necessary notice of appeal.

The question presented, as disclosed by the above cases, is not a new one in this state. In *White v. Central Mutual Ins. Co.*, supra, it was held:

"An adverse party in a civil action on whom notice of appeal must be served (under G. S. 1935, 60-3306) is a party to the litigation, to whose interest it is that the judgment of the trial court be upheld, and who is interested in opposing the relief sought by appellant, following *Peoples State Bank v. Hoisington Mercantile Ass'n*, 118 Kan. 61, 234 Pac. 71." (Syl. ¶ 1.)

The appeal must be dismissed. Having reached this conclusion, it is unnecessary to discuss further the first motion to dismiss the appeal by reason of failure to file a sufficient abstract.

In view of the fact that the appeal must be dismissed, it manifestly would be inappropriate to discuss the merits of appellant's contentions. In passing, however, we may state that a review of such record as is presented convinces us that the judgment would have to be affirmed if the appeal were considered on its merits. The appeal will be dismissed. It is so ordered.

HOCH, J., not participating.