No. 38,152

In the Matter of the Estate of Rebecca May Weaver, deceased, (WM. H. BARNES, *Appellee*, v. MARION T. BARNES, *Appellant*.)

(224 P. 2d 1004)

Opinion filed December 9, 1950.

*Karl V. Shawver, Jr.*, of Paola, argued the cause, and *Karl V. Shawver*, of Paola, was with him on the briefs for the appellant.

*Oliver D. Rinehart,* of Paola, argued the cause, and *William D. Bright,* of Paola, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This appeal involves the right of persons to be appointed by the probate court as executors of the will of a decedent.

A narration of the facts giving rise to the controversy, although not required, will facilitate a proper understanding of the decisive issue on which our disposition of the cause depends. For that reason the facts will be detailed as briefly as the state of the record permits.

On January 22, 1929, J. S. Weaver and Rebecca May Weaver, husband and wife, joined in the execution of a will disposing of all their property. By its terms that instrument provided the survivor should serve as executor and in the event of no survivor then William H. Barnes was designated as executor of such will to serve without bond.

J. S. Weaver died on June 18, 1931. Shortly thereafter, on the petition of Rebecca, the will to which we have referred was admitted to probate. The widow was appointed executrix, administered the estate, and took under terms of the will. Some fourteen years later, on September 10, 1945, she executed an instrument entitled "codicil to joint will of J. S. Weaver and Rebecca May Weaver" by the terms of which she ratified all provisions of the joint will with the exception that she named William H. Barnes, J. S. Barnes and Marion T. Barnes, as executors of her estate in lieu of the eighth paragraph of the original joint will wherein William H. Barnes was appointed as sole executor.

Rebecca died on November 26, 1949. Thereafter William H. Barnes, who was an heir and devisee of such decedent, petitioned the probate court of Miami county to admit the joint will to probate and requested that he be appointed executor of such decedent's estate. In his petition he alleged the probate court had in its possession the instrument, hereinabove referred to as a codicil, and stated that such instrument, insofar as it purported to change the terms of the joint will, was of no force and effect.

December 7, 1949, Marion T. Barnes and J. S. Barnes filed a petition in the probate court asking that the instrument of September 10, 1945, be admitted to probate as a codicil to the last will and testament of Rebecca and requested that letters testamentary be issued to such petitioners, together with William H. Barnes as coexecutors. The individual last named filed an answer to this

petition wherein he stated that the last will and testament of Mr. and Mrs. Weaver was a joint and mutual will, made as a result of a contract between them, and that there was nothing for any codicil thereto to operate on for the reason that under the terms thereof he had been designated as, and was entitled to be appointed, executor under her last will and testament.

The issues thus raised were tried by the probate court. Later on appeal, with some additional pleadings not here important, they were tried by the district court. Both courts, although admitting the joint will and the codicil to probate, found in substance that the last will and testament of Rebecca May Weaver was the last joint will of J. S. Weaver and such decedent, that it was made as a result of a contract between the two testators, that the codicil executed by Rebecca was of no force and effect for the reason that all of the decedent's property was devised and the naming of the executor was provided for by its terms, that such joint will should be enforced as a contract, and that William H. Barnes should be appointed as the sole and only executor of the last will and testament of Rebecca's estate. Each court rendered judgment, in accordance with the foregoing findings, directing that the joint will be enforced as a contract without regard to the codicil and appointing William H. Barnes as executor of Mrs. Weaver's estate.

In due time Marion T. Barnes gave notice of his intention to appeal from the district court's judgment. This notice was directed to Oliver D. Rinehart, attorney of record for William H. Barnes, and Garrett Winkler, military attorney, and was served upon such persons. The record reveals no service of the notice of appeal upon William H. Barnes, executor of the last will and testament of Rebecca May Weaver, deceased, or as executor of her estate, although prior to the taking of the appeal he had been appointed as executor of her last will and testament, had qualified as such and had commenced administration of her estate.

At the outset the record presents a jurisdictional question which must be determined.

G. S. 1935, 60-3306, provides:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; . . ."

In *Hutchinson v. Pihlblad*, 157 Kan. 392, 139 P. 2d 835, we had

occasion to pass upon the force and effect of G. S. 1937 Supp. 59-2407, relating to the effect of an appeal from probate court to district court. At page 395 of the opinion in that case it is said:

"Appellants first contend that an executor may not publish notice of his appointment after the order of appointment has been appealed. They quote 59-2407, which provides the appeal suspends operation of the order appealed from and argue, in effect, that when the appeal was taken all authority of the executor was withdrawn. That is not what the statute says. The appeal does not revoke the order, it only suspends its operation after appeal is taken and until it is determined."

In construing the provisions of 60-3306, *supra,* heretofore quoted, this court has repeatedly held that an adverse party in a civil action on whom notice of appeal to the supreme court must be served, under its terms, is a party to the litigation, to whose interest it is that the judgment of the trial court must be upheld, and who is interested in opposing the relief sought by the appellant. (See *White v. Central Mutual Ins. Co.,* 149 Kan. 610, 88 P. 2d 1041; *Protzman v. Palmer,* 155 Kan. 240, 124 P. 2d 455, and cases there cited.)

It is apparent from what has been heretofore related, particularly since, as we have seen, an appeal from probate court does not revoke the appointment of an executor but merely suspends its operation, that there are two separate entities interested in the result of the outcome of the instant appeal. One of these entities is William H. Barnes in his capacity as an individual and the other is William H. Barnes in his capacity as the appointed fiduciary of Mrs. Weaver's estate. As such fiduciary he was a necessary party to the appeal from probate court to district court. Here he is interested in opposing the relief sought by the appellant and in seeing to it that the judgment of the trial court be upheld. The record, as we have heretofore indicated, discloses that William H. Barnes as executor was not served with notice of the appeal. In fact, this is inferentially, if not actually, conceded by appellant who insists that he is not even a party to the appeal in that capacity.

Under the facts and circumstances herein narrated, and the decisions heretofore cited, there can, in our opinion, be no doubt that William H. Barnes as executor of the last will and testament of Rebecca May Weaver was an adverse party within the meaning of the provisions of the appeal statute (60-3306, *supra*). It follows, since he was not made a party to the instant appeal as such, that this court has no jurisdiction of the cause and hence cannot review

the alleged errors of which the appellant complains. Where—as here—a judgment is brought to this court for appellate review and it appears that a modification or reversal of such judgment will adversely affect a litigant who has not been made a party the rule that the appeal must be dismissed is well established (See *Loan Co. v. Lumber Co.*, 53 Kan. 677, 37 Pac. 132; *Investment Co. v. National Bank*, 56 Kan. 49, 42 Pac. 321; *White v. Central Mutual Ins. Co.*, supra; *Protzman v. Palmer*, supra; *Dean v. Amrine*, 155 Kan. 513, 126 P. 2d 213; *Stephens College v. Long*, 156 Kan. 449, 134 P. 2d 625; *Grant v. Reed*, 163 Kan. 105, 106, 179 P. 2d 945).

It is so ordered.