In the Matter of the Estate of J. C. Bergner, Deceased, and

No. 38,663

In the Matter of the Estate of Margaret Bergner, Deceased. CLAUS BERGNER, JOHN BERGNER, JR., MARGARET OLIVE PAGE and MINNIE MARIE BULLARD, *Appellants*, v. CHRISTIAN G. BERGNER and THE PEOPLES STATE BANK, PRATT, KANSAS, Co-Executors of the Last Will and Testament of J. C. Bergner, deceased, and the Last Will and Testament of Margaret Bergner, deceased; CHRISTIAN G. BERGNER, RIENT BERGNER, LENA BARKER, TENA FLETCHER, and MINNIE GOYEN, *Appellees.*

(250 P. 2d 781)

Opinion filed December 6, 1952.

*E. E. Sattgast,* of Wichita, argued the cause, and *John Madden,* of Wichita, was with him on the briefs for the appellants.

*George Barrett,* of Pratt, argued the cause, and *Richard Barrett,* of Pratt, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court overruling appellants' motions to remand to the probate court petitions of executors in two separate estates, praying for approval of their final report and closing each estate, and in striking appellants' objections and answer to each final report, and rendering judgment in favor of appellees.

In order that a proper understanding may be had of the issue on which our decision is based, a brief statement of the facts is related. J. C. Bergner died May 26, 1935. His will was admitted to probate on June 8, 1935. Margaret Bergner, widow of J. C. Bergner, died

November 19, 1948, and her will was admitted to probate December 27, 1948. Christian G. Bergner and The Peoples State Bank, Pratt, Kansas, were appointed co-executors in both estates. Under the terms of J. C. Bergner's will, Margaret Bergner took a life estate in all of the property of which J. C. Bergner died possessed, and upon her death the remainder was to be divided between six of their eight children, namely, Christian G. Bergner, Rient Bergner, Lena Barker, Tena Fletcher, Minnie Goyen and John Bergner. Under the provisions of his will he left nothing to his two sons, C. W. E. Bergner and Claus Bergner, stating that they had received benefits prior to his death equal to what would amount to their share in his estate.

Margaret Bergner's will followed precisely the same conditions as her husband's will, leaving the remainder of the property owned by her at the time of her death to the six children above named, and leaving nothing to Claus Bergner, or to the children of her predeceased son, C. W. E. Bergner.

On March 23, 1950, the executors in each estate filed their petition for final settlement, and on April 17, 1950, the appellants filed their written objections to the final settlement, and by way of answer to the executors' petition alleged that on December 10, 1948, the six children named in the wills of J. C. and Margaret Bergner, respectively, entered into a family agreement whereby they agreed to divide the Margaret Bergner estate into eight equal shares, one share going to appellant Claus Bergner (brother), and one share going to the children of C. W. E. Bergner, deceased (brother), namely the appellants John Bergner, Jr., Minnie Marie Bullard, and Margaret Olive Page.

The six devisees and beneficiaries named in the wills of J. C. and Margaret Bergner, which include John C. Bergner, hereinafter specifically referred to, by leave of the court, filed an intervening answer and reply to the written defenses, objections and answers of appellants, and in addition to a general denial alleged that on December 10, 1948, they contemplated that they would gratuitously divide and apportion with appellants the personal bank account of Margaret Bergner, after satisfaction of debts, taxes and costs of administration, but that before the aforesaid proposal could be acted upon they ascertained they were in error and therefore did not consummate the proposed gratuity and made no delivery of the instrument.

On June 26, 1950, the causes came on for hearing in the probate court on the issues as formed. After the introduction of some testi-

mony, the cause was continued to a later date to be agreed upon by the parties. No future date was agreed upon by counsel. The executors in both cases on July 3, 1951, filed their petitions to transfer the cases to the district court of Pratt County, Kansas, under G. S. 1951 Supp. 59-2402a, and the causes were certified to the district court.

Appellants filed motions to remand both cases to the probate court which were denied. While the record contains no journal entry of judgment, it does disclose that the trial court sustained appellees' motion to strike appellants' written defenses, objections and answer in each estate, and rendered judgment in favor of the appellees. In due time, appellants gave notice of their intention to appeal to this court from the trial court's rulings on their motion to remand, the striking of their answer, including the alleged family settlement agreement, objections to the final settlement, and in rendering judgment in favor of the appellees. In the Estate of J. C. Bergner, the notice of appeal was definitely directed to Christian G. Bergner and The Peoples State Bank of Pratt, Kansas, co-executors of the last will and testament of J. C. Bergner, deceased; Christian G. Bergner, Rient Bergner, Lena Barker, Tena Fletcher, Minnie Goyen, and Barrett and Barrett, Pratt, Kansas, their attorneys of record. An identical notice of appeal was filed in the Estate of Margaret Bergner.

The record reveals that no notice of appeal was directed to or served upon John C. Bergner, nor was acknowledgment of the notice of appeal ever made by him or his attorneys of record for him, although he was one of the devisees and beneficiaries under both of the mentioned wills, and had appeared and filed his intervening answer and reply.

On appeal here, appellees first challenge the jurisdiction of this court to hear and determine the questions involved in the specifications of error, and assert that both appeals should be dismissed.

G. S. 1949, 60-3306 provides in pertinent part:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, . . . A copy of such notice *must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record;* . . ." (Emphasis supplied.)

In the recent case *In re Estate of Weaver,* 170 Kan. 321, 224 P. 2d 1004, we had occasion to pass upon the force and effect of the

mentioned statute and after reviewing our many authorities, Mr. Justice Parker, speaking for this court, said (p. 324):

"In construing the provisions of 60-3306, *supra*, heretofore quoted, this court has repeatedly held that an adverse party in a civil action on whom notice of appeal to the supreme court must be served, under its terms, is a party to the litigation, to whose interest it is that the judgment of the trial court must be upheld, and who is interested in opposing the relief sought by the appellant. (See *White v. Central Mutual Ins. Co.*, 149 Kan. 610, 88 P. 2d 1041; *Protzman v. Palmer*, 155 Kan. 240, 124 P. 2d 455, and cases there cited.)"

It is apparent from the record that John C. Bergner, devisee and beneficiary under the mentioned wills, was a necessary party to this appeal and an adverse party whose rights are sought to be affected thereby. Under the respective wills he, as devisee and beneficiary, was entitled to an undivided one-sixth interest in said estates. Under appellants' alleged family agreement his interest would have been reduced at least in certain property to one-eighth. He appeared and filed an answer denying that any such contemplated contract was ever completed or delivered. The trial court upheld his contention and entered judgment accordingly. Here he is interested in opposing the relief sought by appellants and in seeing that the judgment of the trial court is upheld.

Under the facts herein related and the authorities herein cited, there can be no doubt that John C. Bergner was an adverse party within the meaning of the provisions of the appeal statute (60-3306, *supra*), and since he was not made a party to the instant appeal, this court has no jurisdiction of the cause and as a result cannot review the alleged errors to which the appellants complain. We have reiterated the rule that where a judgment is brought to this court for appellate review and it appears that a modification or reversal of such judgment will adversely affect a litigant who has not been made a party, the rule that the appeal must be dismissed is well established. (*In re Estate of Weaver*, supra, and cases therein cited.)

The appeal in each of the above cases is dismissed.