No. 42,418

In the Matter of the Estate of Martha Elizabeth Barrier, Deceased. DAVID W. KESTER, Guardian *Ad Litem* of Mary Ellen Barrier, an Incompetent, and W. E. SEARS, Guardian of Mary Ellen Barrier, an Incompetent, *Appellants*, v. KARL B. JACKSON, Executor and Trustee Under the Will of Martha Elizabeth Barrier; GEORGE E. JACKSON, One of the Guardians of Mary Ellen Barrier, an Incompetent; and KENNETH P. ROCKHILL, Guardian *Ad Litem* of Certain Named.Minor Legatees and Devisees and All Other Contingent Beneficiaries Whether Now in Being, or Unborn, Under the Will of Martha Elizabeth Barrier, Deceased, *Appellees*.

(369 P. 2d 335)

Opinion filed March 3, 1962.

*R. C. Woodward* and *O. J. Connell, Jr.,* of El Dorado, argued the cause, and *David W. Kester,* guardian *ad litem,* and *H. Pauline Woodward,* also of El Dorado, were with them on the briefs for the appellants.

*George Forbes,* of Eureka, argued the cause, and *Thomas C. Forbes* and *Harold G. Forbes,* also of Eureka, were with him on the briefs for appellee Karl B. Jackson, executor and trustee under the will of Martha Elizabeth Barrier, deceased.

*Kenneth P. Rockhill,* trustee and guardian *ad litem,* of Eureka, was on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of final settlement in the Estate of Martha Elizabeth Barrier, deceased.

In order that a proper understanding may be had of the issue on which our decision is based, a statement of the pertinent facts follows.

Martha Elizabeth Barrier died on July 29, 1959, and her last will and testament was admitted to probate on August 28. Karl B. Jackson was appointed and qualified as the executor and trustee un-

der the terms of the will. Martha's will gave certain real estate to her nephews George E. Jackson and Karl B. Jackson; all of the other property was devised in trust with Karl B. Jackson named as trustee. The trust was for the term of the life of Mary Ellen Barrier, her incompetent daughter, and was to be held intact by the trustee until such time as the daughter's own property became exhausted, at which time the income from the trust property and the corpus, if necessary, of Martha's estate was to be used for the daughter's support and maintenance. In the event the daughter's (Mary Ellen's) property and estate were not exhausted during her lifetime, the daughter, under the terms of the will, was to receive no inheritance from the mother. The will further provided that upon the death of the daughter all of Martha's property was devised to various other relatives of the mother, *i. e.*, John Henley, Lida Jackson, Karl B. Jackson, George E. Jackson, Lyman Henley, David Henley, Grace V. Vaupel, Vernice Sears, and Wilbert Henley, if living, and otherwise to their children, and if no children, to their spouses, and if no spouses, to other contingent beneficiaries.

Inasmuch as George E. Jackson and W. E. Sears, guardians of the daughter, were, individually, direct and contingent beneficiaries, respectively, under the mother's will, and because the interest of the daughter Mary Ellen was possibly adverse to the interests of the mentioned beneficiaries under the will, David W. Kester was appointed guardian *ad litem* of the daughter Mary Ellen. Since the possibility existed of there being unknown legatees and devisees under Martha's will, Kenneth P. Rockhill was appointed trustee for such persons, and also appointed guardian *ad litem* of the minor devisees and legatees named in the mother's will.

On July 27, 1960, Karl B. Jackson, executor of Martha's estate, filed his final account in the probate court and prayed for final settlement of her estate, including an order assigning the property of the estate to the various legatees and devisees according to the terms of the will.

Notice of the hearing of final setlement was given to all interested parties, including the daughter, her legal guardians, and her guardian *ad litem*. Thereafter a petition was filed to transfer the matter to the district court for hearing on the final settlement. Written objections to the transfer were made and filed by Wilbert J. Henley, Lyman E. Henley, Mabel W. Henley, Vernice L. Sears, John W. Henley, Fred L. Henley, Clifford Vaupel, Virginia Vaupel,

and Grace V. Vaupel, devisees and beneficiaries under Martha's will. After a hearing on the petition the matter was transferred to the district court. (G. S. 1959 Supp., 59-2402a.)

In the district court David W. Kester, guardian *ad litem* for the daughter Mary Ellen, filed a written defense and cross petition to the executor's petition for final settlement in substance asserting that certain substantial monies in the hands of the executor of Martha's estate were erroneously paid to that estate, and, in fact, were the property of Mary Ellen, the daughter, and that the court should order the executor in his final accounting to pay such specified sums to the guardians of Mary Ellen.

Three separate hearings were had on the pleadings filed in the district court in Martha's estate. At these hearings Karl B. Jackson, executor, devisee and beneficiary under the will, appeared in person, as did the following devisees and beneficiaries under the will: Lida Jackson, Lyman Henley, Vernice Sears, and Wilbert Henley.

From the order of the trial court denying the relief sought by the guardian *ad litem* of Mary Ellen, and in granting the relief prayed for by the executor of Martha's estate in his petition for final settlement, David W. Kester, guardian *ad litem* of Mary Ellen Barrier, an incompetent person, and W. E. Sears, guardian of Mary Ellen Barrier, gave notice of their intention to, and did, file an appeal to this court from the trial court's judgment.

A notice of appeal was definitely directed to and served upon Karl B. Jackson, executor of the last will and testament of Martha Elizabeth Barrier, deceased; Karl B. Jackson, trustee under the last will and testament of Martha Elizabeth Barrier, deceased; Kenneth P. Rockhill, guardian *ad litem* and trustee for Virginia Vaupel, Clifford Vaupel, Byron Edward Sears, Ann Elizabeth Jackson, Laura May Jackson and Roscoe G. Jackson, minor legatees and devisees, and all other contingent beneficiaries, whether now in being, or unborn, under the last will and testament of Martha Elizabeth Barrier, deceased; and George E. Jackson, one of the guardians of Mary Ellen Barrier, an incompetent person.

The record reveals that no notice of appeal was directed to or served upon Karl B. Jackson individually, nor was acknowledgment of a notice of appeal ever made by him on his attorney, although he was one of the devisees and beneficiaries under the will and had appeared and participated in the trial. Moreover, no notice of appeal was directed to or served upon Lyman E. Henley, Grace

V. Vaupel, Mabel W. Henley, John W. Henley, Fred L. Henley, Virginia Vaupel, or Clifford Vaupel, all of whom were beneficiaries under Martha's will and had filed their written objections to transferring the petition for final settlement from the probate court to the district court. Furthermore, no notice of appeal was directed to or served upon Lida Jackson, Lyman Henley, Vernice Sears, or Wilbert Henley, all of whom were also beneficiaries under Martha's will and who appeared in person at the hearings in the district court.

On appeal here appellees first challenge the jurisdiction of this court to hear and determine the questions involved in the specifications of error and assert that the appeal should be dismissed.

G. S. 1949, 60-3306, provides: "Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, . . . A copy of such notice *must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record;* . . ." [Emphasis supplied.]

Questions involving the interpretation of this statute have been before this court on many occasions since the 1909 revision of the code. One of our earlier cases is that of *Peoples State Bank v. Hoisington Mercantile Ass'n.,* 118 Kan. 61, 234 Pac. 71, in which it was stated that an adverse party under this code provision has been variously defined to be any party to the litigation, plaintiff, defendant or intervenor, to whose interest it is that the judgment of the trial court be upheld, and any party to the litigation who is interested in opposing the relief which the appellant seeks by the appeal. Where necessary parties have not been joined on appeal the appellate court acquires no jurisdiction of the cause and the appeal must be dismissed. (*In re Estate of Johnson,* 177 Kan. 368, 279 P. 2d 271; *In re Estate of Hill,* 185 Kan. 421, 423, 345 P. 2d 1011; *National Reserve Life Ins. Co. v. Hand,* 188 Kan. 521, 363 P. 2d 447; *White v. Central Mutual Ins. Co.,* 149 Kan. 610, 88 P. 2d 1041.)

In the recent case of *In re Estate of Weaver,* 170 Kan. 321, 224 P. 2d 1004, the appeal was from an order appointing a named individual as the sole executor of the estate of a decedent. The notice of appeal was served on the attorney of record for the *individual* so named, but the record revealed no service of the notice on him in his *fiduciary* capacity. In holding where necessary parties are not joined on appeal this court acquires no jurisdiction of the cause, and that the appeal should be dismissed, it was stated:

"In construing the provisions of 60-3306, *supra,* heretofore quoted, this court has repeatedly held that an adverse party in a civil action on whom notice of appeal to the supreme court must be served, under its terms, is a party to the litigation, to whose interest it is that the judgment of the trial court must be upheld, and who is interested in opposing the relief sought by the appellant." (Citing cases.) (p. 324.)

See also *In re Estate of Bergner,* 173 Kan. 582, 250 P. 2d 781; *Shell Oil Co. v. Board of County Comm'rs,* 171 Kan. 159, 162, 231 P. 2d 220.

In the instant case Karl B. Jackson was served in his capacity as executor but not in his individual capacity. He was one of the principal beneficiaries under Martha's will. He appeared and participated in the trial and, without doubt, was an adverse and necessary party in his individual capacity to this appeal. Under the will he, as devisee and beneficiary, was entitled to an undivided one-sixth interest in Martha's estate and was interested in seeing that the judgment of the lower court was upheld. Lida Jackson, Lyman Henley, Vernice Sears, and Wilbert Henley, all beneficiaries under Martha's will, appeared in person at the hearing in the district court, and other beneficiaries heretofore named appeared by filing their objections in the probate court to the transfer of the case to the district court. Each of the aforenamed persons was a devisee, legatee or beneficiary under Martha's will and was, therefore, an adverse and necessary party in his individual capacity to the appeal.

The record discloses that none of the above-mentioned devisees, legatees and beneficiaries under Martha's will was served with a notice of appeal.

Under the facts and circumstances herein related and the decisions heretofore cited, there can, in our opinion, be no doubt that the aforementioned parties in their individual capacity were adverse parties within the meaning of the provisions of the appeal statute (60-3306, *supra*) as it was to their interest that the judgment of the trial court be upheld, and since they were not made a party to the instant appeal and served with notice of appeal, this court has no jurisdiction of the cause and cannot review the alleged errors of which the appellants complain. We have reiterated the rule that where a judgment is brought to this court for appellate review and it appears that a modification or reversal of such judgment will adversely affect a litigant who has not been made a party, the rule that the appeal must be dismissed is well established. (*In re Estate of*

*Johnson,* supra; *In re Estate of Bergner,* supra; *In re Estate of Weaver,* supra.)

Upon the record before us we have no alternative other than to dismiss the appeal, and it is so ordered.