No. 43,164

St. Francis Hospital and School of Nursing, Inc., a Corporation, *Appellant,* v. Nina Nadine Lane and Mrs. Eugene Freeman, *Appellees.*

(381 P. 2d 353)

Opinion filed May 11, 1963.

*L. D. Klenda,* of Wichita, argued the cause, and *Emmet A. Blaes, Roetzel Jochems, Robert C. Braden, J. Francis Hesse, James W. Sargent, Stanley E.*

*Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher, Loren B. Corliss,* and *Charles M. Cline,* all of Wichita, were with him on the briefs for the appellant.

No appearance by appellees.

The opinion of the court was delivered by

PARKER, C. J.: The plaintiff hospital commenced this action in the district court of Sedgwick County on December 8, 1960, by filing a petition wherein it charged in substance that defendant Mrs. Nina Nadine Lane was admitted to the hospital at her request and at the request of the defendant Mrs. Eugene Freeman, her sister; that Mrs. Freeman agreed in writing to be responsible for hospital charges for services and treatment rendered her sister; that such charges amounted to $1,108.41; that its repeated demands for payment of the hospital account had been refused by both defendants; and that it was entitled to judgment against them for the amount thereof.

On January 9, 1961, Mrs. Freeman filed an answer to the petition in which she denied all material allegations of that pleading. The record discloses no pleading by Mrs. Lane and it may be assumed she was in default of answer. The record further discloses that, with issues joined as indicated, the cause came on for trial as to the defendant Mrs. Freeman on January 9 and that prior to the commencement thereof counsel for the contending parties stipulated:

". . . that the amount of the bill is $1,108.41 and that the only question involved here is whether or not Mrs. Eugene Freeman is liable for the bill."

Following the introduction of plaintiff's evidence Mrs. Freeman demurred thereto on grounds that such evidence failed to establish a cause of action against her. After reviewing the evidence and hearing arguments of counsel the court announced it was of the opinion the demurrer should be sustained. It then advised the jury of its ruling and discharged the jurors from further service in the case. Thereupon, and on January 9, 1962, the court formally entered judgment sustaining the demurrer to the evidence and taxing the costs against the plaintiff.

On January 11, 1962, plaintiff filed a motion asking the court to vacate its ruling on the demurrer and grant a new trial. In this motion it charged its rights had been substantially affected because (1) of abuse of discretion of the court; (2) of erroneous rulings of the court; (3) the decision was in whole contrary to the

evidence; and (4) the decision was given under the influence of passion or prejudice. This motion was denied on February 19, 1962.

Later, and on April 18, 1962, plaintiff gave a notice of appeal which, so far as here pertinent, reads:

"To: *Nina Nadine Lane and Ernest McRae, her attorney:*

"Take notice that St. Francis Hospital and School of Nursing, Inc., intends to and does hereby appeal to the Supreme Court of the State of Kansas, from the orders, decisions and judgments of the District Court of Sedgwick County, Kansas, entered in the above entitled action as follows:

"1. The order entered on the 9th day of January, 1962, sustaining the defendant's demurrer to the plaintiff's evidence.

"2. The order entered on the 19th day of February, 1962, overruling plaintiff's motion for a new trial." (Emphasis supplied.)

The foregoing notice of appeal, service of which was acknowledged by Mrs. Lane's attorney, was filed with the clerk of the district court of Sedgwick County on April 18, 1962. Subsequently certified copies of such notice and proof of service were transmitted by that official to our clerk who, on May 1, 1962, docketed the appeal as Case No. 43,164 of the Supreme Court. Thereafter the case was set for hearing on April 3, 1963. It was presented on that date to this court upon appellant's abstract and brief and oral argument by its counsel, no appearance having been made by other parties involved on appellate review.

At the outset, and before any consideration can be given to this case on its merits, we are confronted with the question whether appellant has perfected an appeal in the manner prescribed and required by our statute (G. S. 1949, 60-3306).

The jurisdiction of this court to entertain an appeal is conferred by statute, pursuant to Article 3, Section 3 of the Constitution of Kansas and, under our repeated decisions, it is this court's duty, on its own motion, to raise the question of its jurisdiction even though no party involved on appellate review has seen fit to do so. See *Willey v. Gas Service Co.*, 177 Kan. 615, 281 P. 2d 1092, and the numerous decisions cited at page 616 of the opinion. See, also, *Martin v. Forestry, Fish and Game Commission*, 185 Kan. 796, 798, 347 P. 2d 276. Moreover, when the record discloses lack of jurisdiction by reason of noncompliance with the above cited section of the statute, it is the duty of this court to dismiss the appeal. (*McGuire v. McGuire*, 190 Kan. 524, 528, 376 P. 2d 908.)

G. S. 1949, 60-3306, prescribes the manner in which appeals can be perfected. Provisions here pertinent read:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court, . . . *A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record:* . . ." (Emphasis supplied.)

Since the 1909 revision of our code of civil procedure questions involving the force and effect to be given provisions of the section of the statute just quoted, and the consequences resulting from failure to comply with their clear and unequivocal requirements, have been before this court on numerous occasions. See, e. g. *In re Estate of Weaver,* 170 Kan. 321, 224 P. 2d 1004, which holds:

"Following *White v. Central Mutual Ins. Co.,* 149 Kan. 610, 88 P. 2d 1041, and other decisions cited in the opinion of that case, it is held that an adverse party in a civil action on whom notice of appeal must be served (under G. S. 1935, 60-3306) is a party to the litigation, to whose interest it is that the judgment of the trial court be upheld, and who is interested in opposing the relief sought by appellant.

"On appeal from a judgment appointing an individual as the sole executor of the estate of a deceased person such fiduciary is a necessary party to the appeal and must be made a party thereto.

"Where necessary parties have not been joined on appeal the appellate court acquires no jurisdiction of the cause and the appeal will be dismissed." (Syl. ¶¶ 1, 2 and 3.)

For other decisions of like import see *In re Estate of Bergner,* 173 Kan. 582, 250 P. 2d 781; *In re Estate of Johnson,* 177 Kan. 368, 279 P. 2d 271; *In re Estate of Hill,* 185 Kan. 421, 345 P. 2d 1011; *Martin v. Forestry, Fish and Game Commission,* supra; *National Reserve Life Ins. Co. v. Hand,* 188 Kan. 521, 363 P. 2d 447, and the numerous cases therein cited. And for what is perhaps our most recent decision, where the foregoing decisions are considered, discussed, applied and adhered to, see *In re Estate of Barrier,* 189 Kan. 278, 369 P. 2d 335.

Nothing would be gained by burdening this opinion with a further recital of the facts of record controlling the jurisdictional question now under consideration. All that need be said at this point is that by this appeal appellant is attempting to obtain a reversal of the trial court's action, in sustaining Mrs. Freeman's demurrer and in rendering judgment in her favor, on the basis of a notice of appeal, directed to and served on Mrs. Lane, another defendant in the action; and that the record on appellate review fails to disclose any service whatsoever of a notice of appeal on Mrs. Freeman or her attorney of record.

Nor would it serve any useful purpose to here labor the decisions, previously cited, to which we adhere. As applied to this case it suffices to say such decisions, when analyzed, not only warrant but compel a conclusion this court has no jurisdiction of the instant appeal and that it must be dismissed.

It is so ordered.