No. 43,362

In the Matter of the Estate of Bernard A. Reichert, Deceased. GEORGE THOMPSON, *Appellant*, v. ARTHUR W. REICHERT, Individually and as Administrator and as Special Administrator of the Estate of Bernard A. Reichert, Deceased, *Appellee.*

(387 P. 2d 229)

Opinion filed December 7, 1963.

*Archie T. MacDonald* and *George R. Lehmberg,* both of McPherson, argued the cause, and *J. R. Rhoades* and *Robert W. Wise,* both of McPherson, were with him on the brief for the appellant.

*Evart Mills,* of McPherson, argued the cause, and *Michael T. Mills,* of McPherson, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of proceedings in a decedent's estate.

In view of the fact we are convinced the appeal must be dismissed, a brief statement of the factual background sufficient to show the basis of our decision is all that is required.

Bernard A. Reichert, the decedent herein, and hereinafter referred to as Bernard, was married in 1911.

Arthur W. Reichert, appellee herein, and hereinafter referred to as Arthur, was the only child born of that marriage.

In about 1928 Mrs. Reichert—the wife of Bernard and mother of Arthur—died.

Several years later Bernard married Grace Thompson, who had two children by a former marriage. One of these children was

George Thompson, the appellant herein, and hereinafter referred to as George.

In August, 1958, Bernard executed a last will and testament by the provisions of which he bequeathed to his wife, Grace, all of his personal property and certain of his real estate. The will provided that in the event Grace predeceased him George was to receive all of the property bequeathed and devised to her. The will further provided that Grace was to have a life estate in another tract of real estate, and that upon her death it should pass to Arthur.

On May 15, 1960, Bernard and Grace were involved in an automobile accident. Grace was killed instantly and Bernard sustained personal injuries. He later was placed in a nursing home in McPherson.

On January 6, 1961, in the presence of two witnesses, Bernard executed a "Revocation of Wills," by the terms of which he revoked and cancelled any and all former wills made by him, and expressed the desire to die without any will so that his property would pass as provided by law.

On March 12, 1961, Bernard died, and shortly thereafter George filed a petition for the probate of the will executed in August, 1958, and requested that letters of administration, with the will annexed, be issued to him.

Arthur filed his written defenses to the petition for probate, in which he denied that the will in question was the last will and testament of Bernard and alleged that he, Arthur, was the sole and only heir-at-law of Bernard, and requested that he be appointed administrator of the estate. Attached to his written defenses was the instrument, heretofore referred to, by which Bernard had revoked any and all former wills made by him.

George filed an answer to Arthur's written defenses, and, among other things, alleged that the so-called written revocation was invalid in that it was procured through fraud and undue influence on the part of Arthur at a time when Bernard was in such mental and physical condition as not to have capacity to execute a valid revocation.

After a full hearing the probate court found that George's petition for probate of the will should be denied; that Bernard died intestate, and that Arthur should be appointed administrator of the estate.

Accordingly, letters of administration were issued to Arthur.

George appealed to the district court from the order denying probate of the will and from the order finding that Bernard died intestate, and from the further order appointing Arthur as administrator of the estate.

Except as to certain matters not here material, the district court heard the matter on the transcript of the evidence in the probate court and held that in all respects the judgment of the probate court finding that Bernard died intestate and that Arthur should be appointed administrator of his estate, should be affirmed. Accordingly, on August 17, 1962, judgment was entered that Bernard died intestate and the appointment of Arthur as administrator was affirmed.

On September 14, 1962, George filed a notice of appeal to this court directed— "To: Arthur W. Reichert and Evart Mills, McPherson, Kansas, his attorney of record:".

The notice stated that he was appealing from the judgment of August 17, 1962, and a subsequent order of September 7, 1962, and "from all of said orders and judgments of said District Court."

Receipt of a copy of the notice of appeal was acknowledged and formal proof of service thereof was waived by "Evart Mills, Attorney for Respondent."

On November 15, 1962, Arthur filed in this court a motion to dismiss George's appeal on the grounds that he, as administrator of Bernard's estate, was a necessary party, and that service upon him only in his personal capacity did not comply with the provisions of G. S. 1949, 60-3306—hereinafter discussed.

Also, on the same day, November 15, 1962, George filed a motion in this court for permission to amend his notice of appeal by including therein the name of Arthur, as administrator of Bernard's estate. This motion stated that Arthur, as administrator, was a necessary party to the appeal, and alleged that his name, as administrator, was inadvertently omitted from the notice of appeal, and permission to amend was sought under the provisions of G. S. 1949, 60-3310.

Arthur filed with this court his written objections to George's motion to amend, whereupon George filed an amended motion for permission to amend the notice of appeal. An amended notice of appeal, which included the name of Arthur as administrator, was subsequently filed by George.

In the meantime, this court entered an order denying Arthur's motion to dismiss the appeal and granted him permission to renew

his motion at the hearing of the appeal on the merits. This court further ordered that a ruling on George's motion to amend the notice of appeal be held in abeyance.

At the hearing of this appeal on the merits Arthur renewed his motion to dismiss.

In opposition to the motion, George contends that Arthur, in his capacity as administrator, did not appear and participate in the trial below, but appeared and participated only as an individual; that the journal entry of judgment makes no mention of him in his capacity as administrator; that in both capacities Arthur is one and the same person and was represented in both capacities by Mr. Mills; that for all practical purposes service on him personally was service on him in his capacity as administrator, and that, under the circumstances, the notice of appeal was sufficient, but, if not—then justice requires that the appeal not be dismissed because of the technicality, and that the amendment should be permitted under the provisions of G. S. 1949, 60-3310.

Despite the persuasiveness of George's contention, we nevertheless believe that decisions of this court compel a dismissal of the appeal. Before discussing them, together with applicable statutes, we review briefly the practical aspects of the case as shown by undisputed facts.

Because of the fact that Grace predeceased Bernard, George, under the provisions of the will executed by Bernard in August, 1958—stood to inherit considerable of Bernard's property. On the other hand, if the will was legally revoked and Bernard died intestate, Arthur, as the sole heir-at-law, stood to inherit the entire estate. In reality, therefore, this lawsuit was a contest between George and Arthur. The probate court found that George's petition for probate of the will should be denied; that Bernard died intestate, and that Arthur should be appointed administrator of the estate. George's appeal to the district court included an appeal from the order appointing Arthur as administrator. The district court upheld and affirmed the orders of the probate court—including the order appointing Arthur as administrator. The notice of appeal to this court was from the orders made by the district court—which of course included the order appointing Arthur as administrator. It is quite true that the journal entries covering the orders of the district court made on August 17, 1962, and the subsequent order of September 7, 1962, do not specifically mention the "appearance" of Arthur as administrator. (Upon oral argument of this appeal

counsel for Arthur conceded that the journal entries should and could have been more artfully drawn.)

The appeal statute, G. S. 1949, 60-3306, provides that:

". . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; . . ."

In the case of *In re Estate of Weaver*, 170 Kan. 321, 224 P. 2d 1004, a notice of appeal was directed to and served upon one Barnes in his individual capacity, but was not directed to and served upon him in his capacity as executor. In the opinion it was said (p. 324) that there were two separate entities interested in the result of the outcome of the appeal—Barnes in his capacity as an individual and Barnes as executor, and that as such executor he was interested in ōpposing the relief sought by the appellant and in seeing to it that the judgment of the trial court be upheld. In the syllabus it was held that an adverse party in a civil action on whom notice of appeal must be served, under 60-3306, is a party to the litigation to whose interest it is that the judgment of the trial court be upheld, and who is interested in opposing the relief sought by the appellant; that in an appeal from a judgment appointing an individual as the sole executor of the estate of a deceased person, such fiduciary is a necessary party to the appeal and must be made a party thereto, and that where necessary parties have not been joined on appeal this court acquires no jurisdiction and the appeal will be dismissed.

Another situation very similar to the one before us was present in the case of *In re Estate of Johnson*, 177 Kan. 368, 279 P. 2d 271. There, as here, the notice of appeal was directed to and served upon a party individually, but was not directed to and served upon him in his capacity as executor. There, as here, no additional pleadings were filed in the district court, and the case was tried upon the transcript of proceedings in the probate court. In opposition to the motion to dismiss the appeal it was contended that the executor, as such, did not join issues with anyone and made no appearance at the trial in the district court. The contention was rejected, and it was held the executor, being interested in opposing the relief sought by the appeal, was a necessary party thereto, and it was held (syl. 3) that in an appeal from a judgment relating to the probate of a will and the administration of the estate of decedent, such appeal must be dismissed for failure to serve notice of appeal upon the executor in his representative capacity.

In *National Reserve Life Ins. Co. v. Hand*, 188 Kan. 521, 363 P. 2d 447, there was a failure to serve the notice of appeal upon a party litigant whose rights were sought to be affected and to whose interest it was that the judgment be upheld. In response to a motion to dismiss, the appellant there, as here, contended that under G. S. 1949, 60-3310, the notice of appeal could be amended "by bringing in additional parties" at any time before the hearing of the appeal. The contention was rejected and we quoted with approval from *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 322 P. 2d 341, to the effect that G. S. 1949, 60-3310, has no application unless a valid appeal has been perfected within two months from the date of the judgment or order from which the appeal is taken, as provided by G. S. 1949, 60-3309. (See also *In re Estate of Barrier*, 189 Kan. 278, 281, 369 P. 2d 335.)

The case before us was commenced by George as a proceeding to probate the will of Bernard. It failed in that purpose. Bernard was found to have died intestate and Arthur was appointed administrator of his estate. He qualified as such. George appealed from those orders. As a practical matter, the result of a successful appeal by George would be that Bernard's will was not revoked—that he therefore died testate—and that Arthur's appointment as administrator of the estate on the basis of intestacy—would fall. The ultimate issue in the case was whether Bernard died testate or intestate—and included in that, of course, was the appointment of Arthur as administrator—upon the finding of intestacy. Under the undisputed facts, therefore, it must be concluded that Arthur, in his capacity as administrator, was a party to the litigation whose rights were sought to be affected and who was interested in opposing the relief sought by George's appeal. Within the meaning of G. S. 1949, 60-3306, above, he, in his representative capacity, was an adverse party, and failure to serve a copy of the notice of appeal upon him in such capacity within the two-months' period provided by statute (G. S. 1949, 60-3309) was fatal to the perfection of a valid appeal.

The result is that the appeal must be and is hereby dismissed.

SCHROEDER, J., dissenting: I must respectfully dissent from the decision made by the court for the reasons fully stated in my dissenting opinion in *National Reserve Life Ins. Co. v. Hand*, 188 Kan. 521, 363 P. 2d 447, beginning at page 528 of the official report.