No. 43,481

Betty Ann Graham, as Widow of James Mathew Graham, now Deceased, *Appellant*, v. I. D. Barber a/k/a Peter Barber, *Appellee*.

(390 P. 2d 23)

Opinion field March 7, 1964.

*William C. Farmer*, of Wichita, argued the cause, and *Paul V. Smith*, *Douglas E. Shay*, *Leo R. Wetta*, and *James R. Schaefer*, all of Wichita, were with him on the briefs for the appellant.

*H. E. Jones*, of Wichita, argued the cause, and *A. W. Hershberger*, *Richard Jones*, *Wm. P. Thompson*, *Jerome E. Jones*, *Robert J. Roth*, and *Wm. R. Smith*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from a judgment sustaining a demurrer to plaintiff's opening statement as to one of two joint defendants in a wrongful death action.

The salient facts which are not in dispute may be highly summarized and stated thus.

I. D. Barber was the owner of certain property in the city of Wichita, Kansas, on which he was building a shopping center. Barber subcontracted various portions of the work, including a contract with the Loper Electric Company, Inc., for all of the electrical

wiring and the setting of a service pole to the rear of the building to support the electric power lines of the Kansas Gas and Electric Company from its main line to the building. The service pole was set in a temporary manner. James Mathew Graham, an employee of Kansas Gas and Electric Company, was working on the pole when it fell and he was killed.

An action was brought by the widow of James Mathew Graham for the benefit of herself and their two minor children against the Loper Electric Company, Inc. and I. D. Barber to recover damages for the wrongful death of Graham.

The case came on for trial on October 30, 1962. Following plaintiff's opening statement both defendants demurred thereto. On October 31, 1962, the demurrer was sustained as to the defendant, Barber, and overruled as to the defendant, Loper Electric Company. The trial continued as to Loper Electric Company.

On December 27, 1962, the plaintiff filed a notice of appeal from the trial court's order sustaining the demurrer as to Barber which reads:

"To: I. D. Barker, a/k/a Pete Barber, and Hershberger, Patterson, Jones & Thompson, His Attorneys of Record:

"Take notice that Betty Ann Graham, as widow of James Mathew Graham, now deceased, plaintiff herein, does and has appealed to the Supreme Court of Kansas from the judgments, orders and decisions rendered and made in the above entitled action on October 31, 1962, whereby the Court sustained this defendant's demurrer to the petition and the opening statement to the jury of the plaintiff on the grounds that no cause of action was stated against the defendant Barber."

The foregoing notice of appeal was not served on Loper Electric Company or its attorneys.

Before reaching the case on its merits we must first consider a jurisdictional question.

On January 10, 1964, the appellee filed a motion to dismiss the appeal. This motion reads:

"Comes now the appellee, I. D. Barber, a/k/a Pete Barber, and moves the Court to dismiss the above appeal for the reason that the abstract and records herein show that appellant has failed to properly perfect the appeal in that service of Notice of Appeal has not been made on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record as provided in General Statutes of Kansas, 1949, Sec. 60-3306."

Later, and on January 14, 1964, the appellant filed a motion for

permission to amend the notice of appeal to include Loper Electric Company as an additional party.

Questions raised by the above motion were briefed and presented to this court on oral argument.

Appellant frankly concedes that the motion to amend the notice of appeal should be denied if the decision in the recent case of *National Reserve Life Ins. Co. v. Hand*, 188 Kan. 521, 363 P. 2d 447 is followed. However, appellant urges that the court reconsider and overrule its decision in the National Reserve case which holds:

"G. S. 1949, 60-3306, 3309 and 3310, relating to appeals to this court, are to be construed together.

"G. S. 1949, 60-3306, contains three requirements for the perfection of an appeal: (1) filing of the notice; (2) service upon all adverse parties whose rights are sought to be affected by the appeal, and (3) proof of service. Not until all three requirements are met is an appeal perfected.

"G. S. 1949, 60-3309, provides that an appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken.

"G. S. 1949, 60-3310, relating to the amendment of a notice of appeal, has no application to an appeal which has not been validly perfected in compliance with 60-3306 and 60-3309." (Syl. ¶¶ 1, 2, 3, and 4.)

We adhere to the rules announced in the case from which we have just quoted and are forced to conclude that the motion to amend the notice of appeal by adding an additional party, having been filed after the time for perfecting the appeal, must be denied. If there was no valid appeal without the additional party there is nothing to amend.

Appellee contends that no valid appeal has been perfected because the notice of appeal was not served on Loper Electric Company which is an adverse party whose rights are sought to be affected.

On the other hand appellant contends the appeal was properly perfected because Loper Electric Company was not a necessary party inasmuch as it was not an "adverse party," as that term is used in G. S. 1949, 60-3306, which in part provides:

". . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; . . ."

This court, in numerous cases, has held that an adverse party in a civil action on whom a notice of appeal must be served, under the provisions of G. S. 1949, 60-3306, is a party to the litigation, to whose interest it is that the judgment of the trial court be upheld, and who is interested in opposing the relief sought by appellant.

See *Peoples State Bank v. Hoisington Mercantile Ass'n.*, 118 Kan. 61, 67, 234 Pac. 71; *White v. Central Mutual Ins. Co.*, 149 Kan. 610, 614, 88 P. 2d 1041; *Protzman v. Palmer*, 155 Kan. 240, 243, 124 P. 2d 455; *Grant v. Reed*, 163 Kan. 105, 106, 179 P. 2d 945; *In re Estate of Weaver*, 170 Kan. 321, 324, 325, 224 P. 2d 1004; *In re Estate of Bergner*, 173 Kan. 582, 250 P. 2d 781; *In re Estate of Johnson*, 177 Kan. 368, 279 P. 2d 271; *In re Estate of Barrier*, 189 Kan. 278, 369 P. 2d 335; *St. Francis Hospital & School of Nursing v. Lane*, 191 Kan. 349, 352, 281 P. 2d 353; *In re Estate of Reichert*, 192 Kan. 252, 256, 257, 387 P. 2d 229.

At this stage of the proceedings in the case at bar it is difficult to state just what the interest of the Loper Electric Company might be in this controversy between appellant and appellee. If the case were to be sent back for trial and judgment was recovered against Barber, he might well have a right of indemnity against Loper Electric Company for its misconduct, or a right of indemnity under the terms of their contract. There appears to be a considerable possibility that Loper Electric Company's liability might be increased if the instant appeal were reversed. Indeed, under the allegations of the petition and the appellant's opening statement in this case, and the opinion of this court in the companion case (See *Graham v. Loper Electric Co.*, 192 Kan. 558, 389 P. 2d 750, this day decided) the possibility has become somewhat of a certainty. In the case just cited appellant has recovered judgment against the Loper Electric Company in the sum of $22,500. We are informed by appellant in the oral argument before this court in this case that its purpose in seeking a reversal of the judgment sustaining the demurrer as to Barber was to permit appellant to recover from Barber the additional $2,500, permissible under the wrongful death statute (G. S. 1961 Supp., 60-3203).

In appellant's brief, touching the merits of the appeal, it is contended as a basis for Barber's liability that the service pole was installed by Loper Electric Company as Barber's agent.

In *Jacobson v. Parrill*, 186 Kan. 467, 351 P. 2d 194, this court, in considering the liability of a master for the negligent acts of its servant or agent and the right to subrogation or indemnity as between them, states:

"While this court has held that a master may be jointly sued with the servant for a tort of the latter committed within the scope of his authority or employment (*Dowell v. Railway Co.*, 83 Kan. 562, 112 P. 136; *Duensing v. Leamon*, 152 Kan. 42, 102 P. 992; *Rush v. Concrete Materials & Construction Co.*, 172 Kan. 70, 238 P. 2d 704; *Russell v. American Rock Crusher Co.*, 181

Kan. 891, 317 P. 2d 847), they are not joint tort-feasors in the sense that they are equal wrongdoers without right of contribution, for the master may recover from the servant the amount of loss caused to him by the tort, including any sum he has been required to pay a third person on account of it (*Fenly v. Revell,* 170 Kan. 705, 228 P. 2d 905); . . .

". . . For all damages Parrill [the employer or principal] would be compelled to pay in the instant action, he would immediately, under the doctrine of subrogation, become entitled to full indemnity, and restitution against Cochran's estate [the employee or agent] and Cochran's insurer, The Fidelity and Casualty Company of New York. (*Fenly v. Revell,* 170 Kan. 705, 228 P. 2d 905; 50 Am. Jur., Subrogation, §§ 36, 38, pp. 706, 707; Restatement of the Law, Restitution, § 96, p. 418.) . . ." (pp. 473, 475.)

*Fenly v. Revell,* 170 Kan. 705, 228 P. 2d 905, which is cited in the Jacobson case, holds:

"An agent, a servant or an employee, is liable to and may be sued by his principal, his master, or his employer, for damages which the latter, in the absence of fault on his part, has been compelled to pay third persons because of the negligence of such agent, servant or employee." (Syl. ¶ 1.)

What has been heretofore stated and held compels a conclusion that, under the confronting facts and circumstances, it cannot be said it is not to the interest of Loper Electric Company that the judgment of the trial court be upheld nor can it be said such Company is not interested in opposing the relief sought by appellant. It necessarily follows that, since all essential parties have not been joined on appeal, this court has no jurisdiction of the instant appeal and it must be dismissed.

It is so ordered.

SCHROEDER, J., dissenting.

FONTRON, J., not participating.