No. 43,402

MIDWEST LUMBER COMPANY, LEE HARDWARE COMPANY and SALINA SUPPLY COMPANY, *Appellees,* v. CECIL LORIMOR, *Defendant,* and O. E. BANKS and ROY BANKS, Garnishees, *Appellants.*

(390 P. 2d 27)

Opinion filed March 7, 1964.

*George P. Nellans,* of Norton, argued the cause, and was on the briefs for the appellants.

*William J. Ryan,* of Norton, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal by garnishee defendants from a judgment rendered against them and in favor of the plaintiffs in garnishment proceedings.

Before we reach the merits of the appeal we are confronted by the motion of appellees to dismiss the appeal on two grounds. Appellees first suggest that the appellants have failed to abstract the record in conformity with the rules of this court. Our attention has been called to the fact that none of the testimony which was presented to the trial court has been abstracted, and that the chattel mortgage, the validity of which was one of the main issues in the case, has not been presented in the abstract. Neither are any of the pleadings found in the record. There is much merit in appellees' contention. The abstract of the record would compel us to materially restrict the extent of our review, if not prevent it entirely.

The second ground raised by appellees, in support of their mo-

tion to dismiss the appeal, goes to the jurisdiction of this court and definitely challenges the right of appellants to be heard on appeal with respect to any issue. The facts pertinent to the question may be briefly stated.

The three appellees, Midwest Lumber Company, Lee Hardware Company and Salina Supply Company, filed separate actions against the defendant, Cecil Lorimor. The appellants, O. E. Banks and Roy Banks, were brought in as garnishees in each of the actions. The pleadings are not contained in the record before us. The issues can only be surmised from the judgment of the trial court. The three cases were consolidated for trial. The trial court found that the garnishees had a liability to Lorimor in the sum of $3,140.14 which was subject to garnishment. Judgment was rendered decreeing that the sum be prorated and paid to the three appellees. Again the record does not disclose what judgments were rendered against the principal defendant Lorimor in the three consolidated cases. We must assume that such judgments were rendered.

The notice of appeal was directed only to the three plaintiffs, appellees here. The notice of appeal was not served on the principal defendant. The appellees contend that the principal defendant is a necessary party on appeal inasmuch as he was an "adverse party," as that term is used in G. S. 1949, 60-3306, which in part provides: ". . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; . . ."

This court, in a long line of decisions, has held that an adverse party in a civil action on whom a notice of appeal must be served, under the provisions of G. S. 1949, 60-3306, is a party to the litigation, to whose interest it is that the judgment of the trial court be upheld, and who is interested in opposing the relief sought by appellant.

The matter was fully discussed in *National Reserve Life Ins. Co. v. Hand*, 188 Kan. 521, 363 P. 2d 447, and again in *Graham v. Barber*, 192 Kan. 554, 390 P. 2d 23. In the opinion in the Graham case, just decided, the recent decisions on the question are compiled. It would serve no useful purpose to cite them again here.

The specific question before us was decided in *Protzman v. Palmer*, 155 Kan. 240, 124 P. 2d 455 where it was held:

"An adverse party in a civil action on whom notice of appeal to the supreme court must be served (under G. S. 1935, 60-3306) is a party to the litigation, to whose interest it is that the judgment of the trial court be upheld, and who is interested in opposing the relief sought by appellant.

"The record in a garnishment action examined and *held*, that in view of the facts narrated in the opinion, failure of appellant, the garnishee defendant, to serve notice of appeal on the principal defendant as well as on the plaintiff requires a dismissal of the appeal." (Syl. 1 and 2.)

In the absence of anything in the record to the contrary, it must be assumed that the principal defendant is interested in having the judgment of the trial court, holding that the garnishee is indebted to him in the sum of $3,140.14, affirmed. He is interested in opposing the relief sought by appellant and is therefore an adverse party. Since all essential parties are not joined on appeal, this court has no jurisdiction.

Having reached the conclusion that the appeal must be dismissed, it is unnecessary to discuss further the first ground raised by appellees' motion to dismiss the appeal, *i. e.*, failure to file a sufficient abstract.

The appeal is dismissed.

APPROVED BY THE COURT.

FONTRON, J., not participating.